T. J. CAROTHERS v. JOHN L. THORP.

Matters pleaded, or damages claimed in reconvention, must have grown out of, or be in some way connected with, or incidental to the main action.

Damages arising from the breach of one contract cannot be pleaded in reconvention to an action on one distinct and independent.

Where it does not clearly appear that the matters pleaded in reconvention are parts of the same transaction, the facts showing the connection should be distinctly stated in the pleading.

Appeal from Matagorda. Tried below before Hon. J. H. Bell.

On the 15th of January, 1853, the appellant, with Royall & Selkirk as his securities, executed three notes in favor of John L. Thorp or order, all to fall due on the 1st of January, 1856; one was for $137 50, for the hire of a negro boy named Taswell; the second for one hundred dollars for the rent of some cleared land; and the third for $125 00, for the hire of a negro woman named Bridget. Said land and negroes were rented and hired for the year 1855.

On the 1st of September, Thorp, the appellee, sued the appellant and his securities, upon the notes herein designated as the first and second.    After a general demurrer, denial and plea of payment, defendant answered further to the effect that the three notes were given for the hire of the slaves Taswell and Bridget, and the rent of the land for the year 1855 ; that he entered into a contract with J. G. Rainey to cultivate the land in partnership, and that he was bound to provide him with two hands ; that on the 1st day of January, 1855, he placed said slaves and land in the possession of said Rainey, according to contract ; and that he the appellant then obtained a situation as overseer for which he was to receive thirteen hogsheads of sugar and thirty-five barrels of molasses per annum, of the value of one thousand dollars ; that about the 15th of February, 1855, the said plaintiff, without any legal or justifiable cause, took said negro Bridget home, and refused to allow her to return according to the terms of said hiring ; that he, defendant, used every exertion to procure from other persons a negro to supply her place, but that he failed to do so, and was compelled to abandon his situation as overseer, that he might comply with his contract with said Rainey, by laboring in the place of said negro, which he did to his damage one thousand dollars.    He further states that the terms of his contract with said Rainey was well known to said Thorp, at the time said place was rented and slaves hired.

On the 20th of October, 1857, the defendant below filed an amended answer, in which he claimed that his crop would have been increased by the labor of said slave in the sum of three hundred dollars, which amount he pleaded in reconvention.

On the same day the plaintiff below filed two special exceptions to the pleas of defendant.    1st. That the damages were too remote and consequential.    2d. "Because the damages alleged are no way resultant from or connected with the contract, upon which this suit is instituted."

The Court sustained the exceptions of plaintiff, and struck

the pleas from the record.   Cause was then submitted to the
Court, and judgment rendered in favor of the plaintiff for the
amount sued for and interest, from which the defendant has
prosecuted this appeal.

*Wharton & Terry*, for appellant.   The appellant assigns
as error the ruling of the Court on the exceptions—and that
the Court erred in rendering judgment against him.

The questions now to be decided, are, to take them in the
order presented by the exceptions of the plaintiff below : 1st.
Were the damages claimed by the defendant below too remote
and consequential ?   2d.  Could the damages be pleaded in set-
off and reconvention ?

The appellee by his wrongful act forced the appellant to
give up his situation as overseer, that he might fulfill his en-
gagement with Rainey, and he should be made to refund in
damages to the amount of the wages which the appellant would
have received.

Again it is submitted, that the damages claimed might have
been given by the jury, as vindictive or punitory damages,
for the gross and wanton violation of the contract by appellee.

Again in his original answer, the appellant claims to have
been damaged in the sum of three hundred dollars, by the
wrongful taking away of the negro.   The Court was clearly
wrong in excluding this portion of the answer, for the appel-
lant was entitled to all damages which resulted immediately
from the breach of the contract, and even if he could prove
none, he was entitled to nominal damages.   (Hope v. Alley, 9
Tex. R. 394.)

In his amended answer, the appellant claims the damages
actually sustained in his crop by the breach of the contract.
This also was ruled out, as shown by the bill of exceptions, in
which it is confidently contended that the Court erred.

Second : The contract for the rent of the place and the hire
of the slaves was an entirety, and the damages which the ap-

pellant sustained arose from, and were connected with the same contract or transaction, and could be properly pleaded in reconvention or set off. (Walcot v. Hendrick, 6 Tex. R. 407 ; Castro v. Gentiily, 11 Tex. R. 28.)

On the question of damages, we invite the attention of the Court particularly to the case cited in 9 Tex. R. 394. That case is conclusive on the question that we were entitled to some damages. Our plea in the original answer may not be in proper form, but in the language of Wheeler, J., in Crayton v. Munger, (9 Tex. R. 285,) " when a party excepts specially to the pleading of his adversary, the latter has a right to regard all other objections than those indicated, unless to matters of substance, as waived. Beyond the grounds of exception specially set forth, the Court will only look to the substance of the pleading."

We had a right under our general allegation of three hundred dollars damages, in the original answer, to at least a verdict for nominal damages, if we could prove a breach of contract.

No counsel marked for appellee.


WHEELER, J. The limit which the decisions of this Court have assigned to the right to plead in recenvention in our practice is, that the matter pleaded, or the damages claimed, must have grown out of, or be in some way connected with or incidental to the main action. (Egery v. Power, 5 Tex. R. 501 ; Walcott v. Hendrick, 6 Id. 406 ; Cannon v. Hemphill, 7 Id. 184.)

The notes sued on and mentioned in the answer evidence several contracts. It is not averred that they are parts of one and the same agreement ; nor does it appear by the answer, that they had any necessary connexion or dependency. If not ; if they were several and independent contracts, the

breach of one could not affect the rights of the parties under the others. Damages arising from the breach of one could not be pleaded in reconvention to the action upon the others, because not connected with or incidental to the main action. The answer was excepted to on that ground ; and we think the exception well taken. If in point of fact the several notes were parts of the same agreement, the defendant should have so amended his answer, when it was specially excepted to because it did not so appear, by stating distinctly the facts showing the connexion of the breach of contract with the cause of action. The answer did not set up any equitable matter of defence to bring the case within the decisions which have admitted such defences, (Castro v. Gentilly, 11 Tex. R. 28,) and we are of opinion the Court did not err in sustaining the exceptions. The judgment is affirmed.

                                        Judgment affirmed.