Wheeler, C. J.
—There is no foundation laid in the *251 defendant’s answer, either by averment, or admission of the plaintiff’s allegations, to authorize the rendition of judgment in his favor. He does not admit, but denies the plaintiff’s allegations, and does not allege any matter to entitle him to a recovery. Moreover, the cause of. action, if any, does not appear to have matured at the date of the rendition of judgment.
This was not a case in which the collection of money had been enjoined, within the meaning of the statute, (0. & W., Art. 1020;) and if judgment could have been legally rendered against the principal in the injunction bond, there was no authority of law to give judgment against the sureties. But the judgment is erroneous as to both principal and sureties, and must be reversed.
"Whether the court decided rightly in sustaining exceptions to the petition, is not wholly free from doubt. We incline to the opinion, however, that the petition 'is sufficient. It alleges substantially want of title in the defendant, and that there is a valid, subsisting, outstanding title in another, upon which suit has been instituted against the complainant; that, at the time of the purchase, the defendant falsely represented to the plaintiff that the land purchased by him did not conflict with that embraced by the. outstanding title; and that he purchased and went into possession in good faith, relying upon the defendant’s representations. The question would have been free from doubt if he had averred a want of acquaintance with the lines of the surveys, or ignorance of the facts respecting which the alleged fraudulent representations were made, and that he was deceived by the representations, and induced thereby to make the purchase. But we incline to 'think the averment, that he relied upon the representations, must be taken to mean that he believed them to be true. If so, he, of course, was ignornt that they were false, and was deceived by them. We think the alleged fraud in the vendor, taken in connection with the other *252 allegations to which we have adverted, sufficient to entitle the complainant to relief; and are therefore of opinion that the court erred in dismissing the petition.
The plaintiff might, perhaps, be deemed to have stated himself out of court by the averment, that the matters set up in his petition had been pleaded in the suit instituted against him upon the outstanding title, and that they can all be adjudicated in that suit, if we were at liberty to consider this as an allegation of fact. But the latter averment is manifestly a conclusion of law, in which we do not concur, and do not, therefore,' think it affords a ground for dismissing this suit.
We are of opinion that the judgment be reversed and the cause
Remanded.