## No. 2116.

## THOMAS C. RIDDLE *v.* THOMAS P. McKINNEY.

PLEADING—COUNTER CLAIM—REVISED STATUTES, ARTICLE 649.—In an action on a promissory note for the purchase of land, and to foreclose the vendor's lien, the maker can not plead in reconvention unliquidated damages, resulting to him from the action of the plaintiff in selling another tract of land for defendant, in violation of a trust, for less than its value. See Revised Statutes, Article 649. (Duncan v. Magette, 25 Texas, 251; Carothers v. Thorp, 21 Texas, 358; Cato v. Phillips, 28 Texas, 101.

APPEAL from Rusk. Tried below before the Hon. J. G. Hazlewood.

This was an action upon a promissory note for the purchase money of land and to foreclose the vendor's lien.

The trial resulted in a judgment for plaintiff, Thomas P. McKinney. The facts are stated in the opinion of the court.

*W. C. Buford*, for appellant, cited Bispham's Equity, section 38; Munsen v. Hallowell, 26 Texas, 475; Castro v. Gentiley, 11 Texas, 28; Egery v. Power, 5 Texas, 501; Duncan v. Magette, 25 Texas, 245; Coleman v. Bunce, 37 Texas, 171; Beckham v. Hunter, Id., 551; Carothers v. Thorpe, 21 Texas, 358; Hipp v. Hutchett, 4 Texas, 24; Spann v. Sterns, 18 Texas, 556; Smith v. Clopton, 4 Texas, 109; Smith v. Corcoran, 7 Louisiana, 52; Trammell v. Watson, 25 Texas Supplement, 210; Constitution of Texas, Article V, section 8; Revised Statutes, Articles 3207, 649, 1117.

*G. H. Gould*, for appellee, cited Revised Statutes, Articles 649, 650.

GAINES, ASSOCIATE JUSTICE. Appellee brought this suit in the court below against appellant on a promissory note for four hundred dollars, and to enforce a vendor's lien upon a tract of land for the purchase money of which the note was given. Certain credits were allowed in the petition. The appellant pleaded certain other credits, about which no question is made in this court, and also set up in reconvention a counter claim against appellee. In support of the latter he alleged in his answer that, being indebted to appellee in the sum of seven hundred dollars, besides interest, appellant conveyed to him by a deed absolute on its face a certain tract of land in Brown county worth three thousand dollars; that the conveyance, though absolute in form, was intended as a mere security for the debt, and that, at the time of its execution, it was agreed between the parties that appellee should hold the land until the debt was paid, and that appellant should pay the taxes thereon. It is further alleged that on the twenty-sixth of November, 1881, appellee, intending to defraud appellant, secretly and without the knowledge of the latter sold and conveyed said land to one Hooper, "for the nominal sum, as recited in the deed, of seven hundred and nine dollars and thirty cents," and that appellee knew at the time that he was selling the land at a great sacrifice. Appellant further averred that he did not know of the sale until January, 1884, when, upon an offer on his part to pay the indebtedness secured by his conveyance, he was informed by appellee that he had sold the land. The averment in the answer as to the consideration of the deed is set forth above in quotation marks. From this it might be inferred that appellant intended to charge that the land was sold for more money than is expressed in the recital; but nowhere do we find in his pleading

any positive averment that this was a fact. If he had alleged that appellee had received more than enough money to pay the debt secured by the deed to him, and had stated specifically the amount, he would have presented a very different case. But taking the allegations altogether and construing them most strongly against the pleader, we must conclude that he intended to base his counter claim upon appellee's alleged breach of trust in selling the land at less than its value. It is also to be remarked that appellant nowhere avers any connection between the transaction set up in his plea in reconvention and the sale of the land for which the note sued on was given.

Appellant excepted to the plea in reconvention and the exception not having been acted or waived, the cause was submitted to the court, who heard the evidence and found that the allegations in the petition were proved by a preponderance of evidence, but held that the exceptions ought to have been sustained, and accordingly gave judgment for plaintiff.

The assignments of errors are numerous, but it is only necessary to consider the first and fifth, which are to the effect that the court erred in sustaining the exceptions to the plea in reconvention, and in not giving judgment for appellant on said plea after finding the facts in his favor. We are of opinion that the court did not err. The Revised Statutes, in the chapter on "Counter claims," provide that "if the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of contract on the part of the plaintiff." (Art. 649.)

The entire title is in substance a re-enactment of the former statutes upon this subject (Scarf v. Tompkins, 61 Texas, 346;) and the language quoted is the exact words used in section five of the Act of 1840. Appellant's counter claim is for damages for a breach of trust or of contract; and whether it be an action of tort or *ex conrractu,* we need not pause to enquire. Section five of the Act of 1840, which is a literal copy of Article 649 of the Revised Statutes, was construed in Duncan v. Magette, 25 Texas, 251, and it was there held that damages for a tort could not be pleaded in reconvention to an action of debt, although the plaintiff were insolvent; and it had formerly been decided that the damages for the breach of one contract could not be set up against promissory notes given in a separate and distinct transaction. (Carothers v. Thorp, 21 Texas, 358.) The effect of this latter decision is to show that the word "covenant," as used in the stat-

ute we have been considering, is not used in its limited, technical sense of a promise evidenced by a sealed instrument, but in its wider signification of a contract in general. (See 1 Abbott's. Law Dic., Verbum "Covenant.")

As previously intimated, if the answer had alleged that the land had been sold for any certain sum amounting to more than the debt secured by the conveyance to appellee, then the plea of reconvention would have been good. If such had been the fact, appellant could have waived the tort and reconvened for the excess of money had and secured by appellee for his use. (Cato v. Phillips, 28 Texas, 101.) But he can not plead his unliquidated damages for the wrong done him by appellee in selling his land at less than its value, against the latter's action upon a certain demand.

For the reasons stated, we are of opinion that there is no error in the judgment, and it is affirmed.

*Affirmed.*

Opinion delivered November 23, 1886.