## T. W. HOUSE V. G. K. CESSNA ET AL.

### No. 411.

1. **Continuance on the Ground of Surprise.**—In a suit for settlement of partnership accounts between C. and F., to which H. was made a party as a banker holding partnership funds, there was an auditor's report finding $1709.49, in favor of F., several items of which were excepted to by C., but upon trial of the case there was an agreed judgment between C. and F., and no evidence was offered by F. in support of the auditor's report. A motion for continuance being made by H. after the evidence and argument was concluded, upon the ground of surprise, because he had relied on F. to furnish evidence to sustain the report, and she had collusively settled with C., was addressed to the discretion of the court and rightly overruled.

2. **Adjusting Equities Between Banker and Depositor — Fact Case.**—H. had on deposit to the credit of C. and F. $1260.28. F. individually owed H. more than that sum. When suit was instituted by F. against C. to settle partnership accounts, F. was solvent. Pending suit F. conveyed all his property and his interest in the suit to his wife in settlement of an indebtedness by him to her. By the compromise judgment in this suit between F. and C., Mrs. F. became entitled to $853 from C. This sum was by the court applied to the pay-ment of the debt due by F. to H.

3. **Equitable Setoff.**—By F.'s conveyance to his wife his estate became in-solvent. When insolvency occurred the right of setoff became fixed against his estate in the hands of his administratrix and against his assignee.

4. **Agreements Between Some of the Parties to Suit.**—Auditor's report was $1709.49 in favor of F. By agreement between F. and C., C. was to have judgment for the $1260.28 in the hands of H., and was to pay F. $853 out of

it.  This agreement was an admission that the firm of F. and C. owed F. that sum, but the agreement as to the form of judgment will not defeat the right of the remaining party to the suit, who is adversely interested, to have this sum applied to the payment of the debt due him by F. individually.

Appeal from Brazoria.    Tried below before Hon. T. S. Reese.

*Oliver & Oliver*, for appellant—1.  The court erred in holding that the mere excepting to items in an auditor's report nullified such items, even when no evidence was offered to sustain such objections.    Rev. Stats., art. 1473; Dwyer v. Kalteyer, 68 Texas, 559; Mussina v. Shepherd, 44 Texas, 627; Thompson v. Griffin, 69 Texas, 138.

2.  The partnership of Freeman & Cessna not being indebted to any one, and said partnership being dissolved, equity would apply whatever interest J. D. Freeman had in the moneys in the hands of House to the credit of Freeman & Cessna, on the individual debt of J. D. Freeman to House, and the court should have adjudged the $853 acknowledged by Cessna to be due Mrs. Freeman to House.    Bank v. Cressin, 75 Texas, 298, and authorities; Bank v. Jones, 9 N. E. Rep., 885; Skiles v. Houston, 2 Atl. Rep., 31; Bolles on Banks, Setoff, 378; Wales. on Setoff, 2 ed., 22, 23, and notes.

3.  The matters in controversy were peculiarly within the knowledge of plaintiff Cessna and defendant Freeman, and, under the circumstances, the court should have continued the case on application of House.

*H. Masterson*, for appellees.—1.  Exceptions duly made to items of an auditor's report eliminate such items from consideration in passing on the report, unless such items are sustained by proof.    Auditors' reports are conclusive on all parties as to all items not specially excepted to. Whitehead v. Perie, 15 Texas, 7; Kempner v. Galveston County, 76 Texas, 450, 457; Bupp v. O'Connor, 21 S. W. Rep., 619, 620.

2.  J. D. Freeman not having any interest in the money in the hands of T. W. House, House could not have applied it to an individual indebtedness of Freeman.    Intervenor's right to and property in whatever interest Freeman had to the money in House's hands dated from April 3, 1889.    House having solemnly disclaimed any interest in or right to the money in his hands by tendering the same into court, and thereby induced Mrs. Rosa L. Freeman to purchase the right of J. D. Freeman to and all of his interest in said money, is now estopped from setting up claim to said money as against intervenor's rights thereto.    66 Texas, 613, 617; 46 Texas, 371; 63 Texas, 631.

3.  In order to entitle a party to a continuance on the ground of surprise for the want of evidence of certain witnesses, there must be some diligence shown, some effort made by such applicant to procure such

needed witnesses. Rev. Stats., art. 1277; 65 Texas, 65–70; 62 Texas, 369, 370; 66 Texas, 381.

GARRETT, CHIEF JUSTICE. — This suit was brought in the District Court of Brazoria County on May 21, 1888, by the appellee G. K. Cessna, against J. D. Freeman, for the settlement of the dissolved partnership of Freeman & Cessna. Plaintiff alleged that there was a large amount due him by said firm, and asked for the appointment of an auditor to state the accounts of the firm. T. W. House was made a party as the holder of a deposit to the credit of said Freeman & Cessna. House filed his original answer June 19, 1888, in which he admitted that he had in his hands a balance due Freeman & Cessna of $1260.28, which he offered to pay into court. The answer of J. D. Freeman, which was filed July 6, 1888, put in issue the allegations of indebtedness by him to the firm of Freeman & Cessna, and alleged a large balance in his favor, due both by G. K. Cessna and the firm of Freeman & Cessna. Auditors were appointed by the court, who filed their report January 16, 1889, which showed a balance in favor of J. D. Freeman by the firm of $1709.49. Cessna filed objections to the report of the auditors.

Freeman died in November, 1889, and on May 5, 1891, his widow, Rosa L. Freeman, appeared and made herself a party defendant to the suit as administratrix of his estate. On June 23, 1891, Mrs. Freeman intervened in the suit, claiming in her own right by assignment from her husband whatever interest he had therein. Under this state of the pleadings the case was submitted to a jury on June 24, 1891, and the result was a mistrial.

On January 6, 1893, House filed an amended answer, in which he alleged, that at the time he filed his original answer J. D. Freeman was indebted to him in a much larger sum than the amount due by House to Freeman & Cessna; that Freeman afterwards became insolvent and died, etc.; that the firm of Freeman & Cessna was solvent, and owed no debt; and asked that the sum in his hands might be set off against the debt due him by Freeman. Mrs. Freeman and Cessna, by appropriate pleading, both contested the right of House to have the balance in his hands set off against the debt of J. D. Freeman, the former claiming the same under the assignment from her husband, and the latter that it should be paid to him for balance due him by the firm. On January 10, 1893, the case went to trial upon these issues before the court without a jury, and resulted in a judgment in favor of Cessna against T. W. House for the balance in his hands, and as between Cessna and Mrs. Freeman, that out of the recovery from House and of a balance of $180 stated to be due Freeman & Cessna from S. E. Allen, Cessna should pay Mrs. Freeman the sum of $853.

After the parties had announced ready for trial and the pleadings had been read, Cessna and Mrs. Freeman informed the court that they had

made an agreement in settlement of the matters between them, which was incorporated in the judgment as follows: "That the plaintiff G. K. Cessna be awarded the $1260.28 in the hands of T. W. House, and said $180 in the hands of S. E. Allen, and that upon the collection by said G. K. Cessna of said sums of $1260.28 and $180 from said T. W. House and said S. E. Allen, said Cessna shall pay over to said Rosa L. Freeman the sum of $853 out of said sums; the partnership property and the partnership lands to belong equally to said G. K. Cessna and Rosa L. Freeman; and that plaintiff G. K. Cessna and intervenor Rosa L. Freeman each pay one-half of all costs in this behalf incurred."

The trial then proceeded, and after the evidence and argument of counsel had been heard, the defendant House moved for a continuance on the ground of surprise, because he had relied on the defendant Rosa L. Freeman to furnish the evidence to sustain the auditors' report, and that she had collusively settled with the defendant.

The overruling of the motion for continuance has been assigned as error; but as it was addressed to the sound discretion of the court, and it does not appear that either of the defendants had taken any steps to have the witnesses present to sustain the report of the auditors, hence we can not say that the court was wrong in refusing the motion.

It was shown on the trial that the firm of Freeman & Cessna had on deposit with T. W. House as banker at the time of the filing of this suit, $1260.28, and that J. D. Freeman, of the firm of Freeman & Cessna, had and kept an individual account with House as banker, and that at the time of filing this suit Freeman individually owed House more than said sum of $1260.28. The partnership of Freeman & Cessna was dissolved sometime before the institution of this suit, solvent, and owing no debts. On April 3, 1889, Freeman, in consideration of $28,000 of his wife's separate property that he had used, conveyed to her a large amount of property, real and personal, including "all claims, rights, remedies, and privileges" in and to the subject matter of this suit. Said conveyance rendered Freeman insolvent, and his estate is insolvent. Eliminating from the auditor's report the items excepted to by Cessna, a larger indebtedness is shown due Cessna than the sum of the balance in the hands of House and $180 said to be in the hands of Allen. No evidence was introduced to sustain or reject the items of the auditor's report excepted to.

The court below held that the auditor's report showed Cessna to be entitled to the money in the hands of House, and that the rights of House were not affected by the agreement between Cessna and Mrs. Freeman. In this we think there was error. The agreement between Cessna and Mrs. Freeman was an admission that the firm of Freeman & Cessna owed Freeman $853; and if House should be entitled to have the interest of

Freeman in .the deposit set off against the debt, the agreement between the parties interested aversely to him as to the form of a judgment will not defeat the right, the interest having been admitted.  There is authority in support of the contention that an auditor's report is prima facie ·evidence (1 Am. and Eng. Encycl. of Law, 1016, and the authorities collected there); but in the case of Kempner v. Galveston County, 76 Texas, 450, our Supreme Court has held that as to the items excepted to the report is without effect.  So the first contention of appellant, that the evidence shows Freeman to be entitled to more than the balance in House's hands, can not be sustained.  The admission, however, shows Freeman to have been entitled to $853.

In regard to House's right to setoff, the original answer filed by him can not be held to be a waiver, because it did not then exist, since an individual demand can not be set off against a partnership demand without some equitable reason therefor.  This reason did not arise until the insolvency of Freeman, which occurred about the time of his transfer of his property to his wife.  Duncan v. Magette, 25 Texas, 247; Hamilton v. Van Hook, 26 Texas, 306.  The rights of the parties become fixed at the moment of and by the act of insolvency.  22 Am. and Eng. Encycl. of Law, 220.  The right of setoff against an administrator and the assignee of an insolvent is well recognized.

The judgment of the court below will be reversed and here rendered in favor of the plaintiff Cessna against the defendant House for the amount in his hands, $1260.28, less the sum of $853, for which he shall not be required to account to Mrs. Freeman.  As to the settlement of the partnership interests between Cessna and Mrs. Freeman, they will not be disturbed, the only change being to allow the defendant House a credit for the $853, instead of .directing it paid to Mrs. Freeman.

*Reversed and rendered.*

Delivered January 18, 1894.