### J. A. CAMPBELL v. H. B. PARK ET AL.

#### No. 917.

**1. Set-off—Limitations—Open Account and Note.**

An open account which is barred by limitations can not be used as a set-off in a suit on a promissory note between the same parties.

**2. Same—Statements of Mutual Indebtedness.**

The fact that statements of mutual indebtedness between plaintiff and defendant were by them prepared and exhibited in an attempt at settlement, one of which statements included a note, will not preclude plaintiff in an action on such note from pleading limitations against the account of defendant so exhibited, when the latter is set up as an offset.

APPEAL from Dallas. Tried below before Hon. EDWARD GRAY.

*R. C. Porter,* for appellant.

*Alexander, Clark & Hall,* for appellees.

LIGHTFOOT, CHIEF JUSTICE.—This suit was brought by appellant, J. A. Campbell, upon a note for $225, and to foreclose a vendor's lien upon certain real estate. It was alleged that the note was executed by Park Bros., a firm composed of H. B. and J. M. Park. That J. M. Park died after the execution of the note, that there was no administration on his estate, and no necessity therefor; that he left H. B. Park, his surviving partner, and the other defendants as his heirs. All the defendants filed their answers, and among other defenses, set up on October 4, 1893, that plaintiff was indebted to the firm of Park Bros. in the sum of $1329.11 for goods, wares, merchandise, etc., all of which was fully set out in an itemized account extending from July, 1882, to April, 1888, and which was plead as an offset. It was alleged that plaintiff also had an account against Park Bros. which, including the note, amounted to $1041.07, and they claimed that a settlement of such mutual indebtedness left plaintiff in debt to Park Bros. $288.04, for which they asked judgment.

By supplemental petition plaintiff plead the statute of limitation

to the account set up by defendants.  The conclusions of fact found by the court below are as follows:

"I find as a fact that the defendants, H. B. Park and J. M. Park, formerly composing the firm of Park Bros., made, executed and delivered to the plaintiff, J. A. Campbell, their firm note for the sum of $225, payable and due December 25, 1887, dated December 27, 1886, in which note, as well as the deed executed at the same time, a vendor's lien was retained upon blocks Nos. one, two, three and four and lot No. six in block 5 in the town of Kleberg, in Dallas County, Texas, in favor of plaintiff.

"That the plaintiff and defendant are brothers-in-law.  That they had mutual dealings and accounts between them from 1882 to 1889; they tried to have a settlement.  That when they thus attempted a settlement the plaintiff was indebted to the defendant's firm in about the sum of $1329, for money and articles of trade advanced him and the defendant's firm was indebted to plaintiff at that time for labor done and the amount due on the note herein sued on in about the same amount.  That the plaintiff's account then made out and presented to defendant contained as an item of defendant's indebtedness to him the note here sued on.  That because of some small objections by both parties to the other's claims, no settlement was had between them.  That the amount then due each respectively was about the same.  That nothing further was done between the parties till this suit was brought."

The position of the court below upon the leading issue is evidenced in its second conclusion of law, as follows:  "I find as a conclusion of law that the statute of limitation of two years plead by the plaintiff to the defendant's set off filed herein, will not apply and can not be sustained herein, because the plaintiff and defendant being mutually indebted to each other, the law would apply one debt to the extinguishment of the other when they were mutually exhibited in the attempt to settle the same."

The facts clearly show that there was never a settlement between appellant and Park Bros., and the accounts plead by the defendants below are barred by the statute of limitation unless the mutual indebtedness of the parties had the effect claimed in the above conclusion of law.  The civil law of "compensation" in its full scope, allowing the extinguishment of mutual debts, is not in force in this State; the common law has never recognized it, and neither would allow a promissory note to be thus extingushed by an unliquidated demand.  Our statutes have adopted the civil law rule to a very limited extent by providing for such mutual extinguishment only where both debts are open accounts.  The note sued on not having been settled or extinguished, and the accounts plead as an offset being barred by limitation, however we may admire the equity and justice of the rule contended for by appellees, and applied by the court below, the contrary doctrine has by a long line of precedents become stare decisis, in this State, and must be followed.

In the case of Holliman v. Rogers, 6 Texas, 98, where an attempt was made by the defendant to offset the plaintiff's claim with a note which was barred by limitation, Judge Lipscomb said: "Both are believed to present the single proposition that if the notes offered in evidence. by way of setoff by the defendant were barred by the statute of limitations before the commencement of this suit, they could not be a valid and legal setoff. This, as a common law proposition, it is believed, can not be successfully controverted, because to make it a valid setoff it must be a valid subsisting debt due from the plaintiff to the defendant at the time suit was brought. Now, if the debt was barred by the statute of limitations, it was not a valid subsisting debt due. 2 Cow., 139; 1 Murph., 353. Some confusion has arisen on this subject by confounding compensation with setoff. The former is an acknowledged principle of the civil law jurisprudence. Whenever there were cross-debts, as soon as it occurred, without the act of either party, or even their knowledge at the time of the existence of such cross-debts, it, by operation of the law, struck the balance between the parties. A demand so held was payment to the extent of its amount, and the balance defined the character of creditor or debtor. This principle is unknown to the common law jurisprudence, except in the single instance of running accounts between merchants, and by analogy we felt ourselves authorized in the case of Hall v. Hodges, 2 Texas, 323, to extend it to running accounts between parties not merchants. Setoff was also unknown to the common law. Each party was left to his cross-action for the collection of their respective debts. It is the creation of the statute. Richardson, J., in Chandler v. Drew, 6 N. H., 469. Our statute authorizing discounts and setoffs does not introduce the civil law doctrine of compensation; and as the common law is the law of our court in regulating rights and remedies accruing since the introduction of the common law, we do not feel authorized to extend the principle of compensation beyond what we have heretofore done."

This rule has been strictly adhered to by our courts, and has not been departed from by any well considered case. Howard v. Randolph, 73 Texas, 459; Ney v. Rothe, 61 Texas, 371; Lowe v. Dawborn, 26 Texas, 508.

In the case of Howard v. Randolph, above, Judge Stayton, in discussing the doctrine of the case of Morton v. Gordon, Dallam, 400, said:

"We see no reason, if the statute would permit it, for extending the rule asserted in Morton v. Gordon, within which appellant does not bring his case. The rule in that case is a partial application of the civil law theory of compensation, through which, whenever there are mutual debts, the law strikes a balance between the parties and the relation of debtor and creditor only existed for the balance in favor of the one or the other.

"That rule, however, is not in force in this State, and has never been applied in its entirety unless it be in cases of running accounts between parties. Holliman v. Rogers, 6 Texas, 98.

" 'Compensation is a reciprocal acquittal of debts between two persons who are indebted the one to the other,' but its application would not reach appellant's case, for 'it is not enough to make compensation that there be a debt on the one side and the other, but it is moreover necessary that both the debts be clear and liquid—that is, certain and not liable to dispute. Thus one can not compensate with a clear and liquid debt, a debt that is litigious, nor a pretension that is not settled.' Domat's Civil Law, 2289, 2296. The latter rule is the basis of the statute in force in this State, found in article 649, Revised Statutes."

Under the above authorities, it is clear that the note sued on can not be extinguished or offset by the accounts set up by defendants, which are barred by limitation.

For the error of the court above indicated, the judgment is reversed and here rendered for appellant against appellee H. B. Park, as surviving partner, for the amount of the note and interest, and against all the appellees foreclosing the vendor's lien upon the real estate described in plaintiff's petition.

*Reversed and rendered.*

Delivered October 28, 1895.

## ON REHEARING.

LIGHTFOOT, CHIEF JUSTICE.—The only ground of the motion for rehearing is that the judgment below was not a final judgment, because a portion of the defendants were non-residents, were cited by publication, and no attorneys were appointed by the court to represent them.

Answers were filed in the court below for all the defendants, as appears from the record, and the court below in its judgment finds as follows: "This cause coming on regularly for trial before the court, a jury being waived, both plaintiffs and defendants appeared by attorneys and announced ready for trial, etc." It is there adjudged that plaintiff take nothing by his suit, and that defendants recover of plaintiff their costs.

The ground of the motion is not sustained by the record, and the motion for rehearing is overruled.

*Overruled.*

Delivered November 23, 1895.