### J. H. GAGE ET AL. v. C. T. HUNTER.

Decided May 16, 1906.

**1.—Bond—Judgment.**

Where the owner of cattle, pending a suit for foreclosure of a lien upon them for pasturage, took possession and sold and removed them, giving bond

to answer for any judgment on the lien foreclosure, on recovery of such judgment it was proper to render judgment also against him and his sureties on the bond for the amount so recovered, in favor of the assignees of the pasturage claim and lien, though he also recovered judgment against the assignor for damages for shortage in sale of the cattle to him by such assignor, who had continued to pasture them after the sale.

### 2.—Same—Assignment of Claim—Offset.

The claim of the purchaser of cattle against the seller, for damages by reason of shortage in the number sold, was not incident to or connected with that of the seller for their subsequent pasturage for the vendee, and could not be offset against a suit against him by the assignees of the claim and lien for pasturage.

### 3.—Evidence—Harmless Error.

In a trial before the court, the erroneous admissions of evidence is harmless error where there was other and unobjectionable evidence to prove the same facts sufficient to support the judgment.

### 4.—Contract—Parties.

The purchaser of property is not relieved from his obligations to the seller by the failure of a previous mortgagee to comply with contracts with the seller by which his mortgage was released, to which contracts the purchaser was not a party.

### 5.—Sale—Evidence.

Evidence considered and held to sustain a finding that a sale of cattle was intended to transfer the title to the purchaser, and not merely an arrangement for the seller to continue as owner carrying them and the mortgages upon them in the name of nominal purchaser.

Appeal from the District Court of Falls County. Tried below before Hon. Sam. R. Scott.

Two suits, afterwards consolidated, were brought by Hunter against Gage for pasturage of cattle and foreclosure of a lien on them therefor. Gage and his sureties gave bond to answer for the claim and lien and sold or removed the cattle. Hunter transferred his cause of action to Drought & Co. and Harlan, and they intervened as owners of the claim. Hunter had owned the cattle and they were mortgaged to secure notes given by him to a commission company. Hunter transferred them to Gage and the latter gave his own notes and a mortgage to the company and took up Hunter's. Gage claimed that this transaction was merely to secure an extension of the indebtedness of Hunter, who remained the actual owner and was pasturing them for himself. Hunter and the interveners claimed that the ownership passed to Gage by the transfer and that he became liable for their pasturage thereafter. Gage claimed damages against Hunter for shortage in the number of cattle sold and sought to offset them against the claim of the interveners for the pasturage.

*Rice & Bartlett,* for appellants.—No agreement between said Hunter and Strayhorn-Hutton-Evans Commission Company without the concurrence of said Gage could affect his rights or the security held by him. No such judgment was rendered against defendant and his sureties as conditioned and contemplated by the terms of their bond.

The assignee of a judgment or cause of action takes its subject to all the equities subsisting between the original parties, including the right

of the debtor to offset against the claim of plaintiff, a claim arising out of the same transaction as the one in which judgment was rendered, whether the assignee had notice of the same or not. Dutton v. Mason, 21 Texas Civ. App., 393; 2 Black on Judgments, sec. 953; 2 Freeman on Judgments, sec. 420; Ellis v. Kerr, 11 Texas Civ. App., 348; Fleming v. Stansell, 13 Texas Civ. App., 560; Matthews v. Boydstun, 31 S. W. Rep., 817; Wright v. Treadwell, 14 Texas, 256; Chilstrom v. Eppinger, 78 Am. St. Rep. (note), 52; Fitzhugh v. McKinney, 43 Fed. Rep., 461; Simpkins Equity (set off), 515, 516; Castro v. Gentiley, 11 Texas, 28; North Chicago Rolling Mill Co. v. St. Louis Ore Co., 152 U. S., 615; United States Trust Co. v. Western C. Co., 81 Fed. Rep., 468, 90 Fed. Rep., 460.

The effect of the judgment is to leave defendant liable on the notes executed as a matter of accommodation to Hunter and held by third parties, and at the same time impairing the security afforded him by the mortgage on plaintiff's cattle.

*Nat Lewellyn* and *Z. I. Harlan,* for appellee.—All conflicts in evidence, if any, are resolved in favor of the correctness of the court's decision. Tabet v. Powell, 88 S. W. Rep., 273; Scott v. Woodard, 88 S. W. Rep., 407; Lauchheimer v. Coop, 86 S. W. Rep., 61; Mora v. Thomas, 86 S. W. Rep., 632; Gammell Book Co. v. Jones, 78 S. W. Rep., 21.

Other evidence amply sustains the judgment and it is not shown that the evidence complained of was considered by the court in making up his judgment. LaPice v. Caddenhead, 24 Texas Civ. App., 365; Smith v. Bunch, 73 S. W. Rep., 559; Greenway v. DeYoung, 79 S. W. Rep., 605; First Natl. Bank of Greenville v. Greenville Oil Co., 24 Texas Civ. App., 649.

Gage, as vendee, is estopped to question the consummation of the contract between Hunter and the commission company. Clegg v. Gee, 2 Texas App. C. C., 487, 488; Martin v. Rotan Groc. Co., 66 S. W. Rep., 212; Moore v. Steele, 67 Texas, 440.

EIDSON, ASSOCIATE JUSTICE.—This case was tried by the court below without a jury, and while there is a conflict in the testimony on the issue as to whether the cattle were sold to appellant and became his property or were simply bill-of-saled to him for Hunter's benefit and in order that his indebtedness to the Strayhorn-Hutton-Evans Commission Company might be extended, we are of opinion that the record shows sufficient evidence to support the finding and judgment of the court that said cattle were sold to appellant and became his property.

Appellant's bond provided as follows: "It is further expressly agreed and understood that in the event that plaintiff recovers judgment in either or both of said cases against the defendant Gage, with a foreclosure of such pasturage lien for the pasturage of the cattle now in said pasture, then for so much of said judgment or judgments as shall be decreed to be such lien on said cattle now in said pasture, a judgment may be rendered on this bond against the said J. H. Gage as principal, and the other subscribers hereto as sureties therein; it being intended that this bond shall take the place of the cattle now in said pasture and

stand in lieu thereof as security for the pasturage on the cattle now in said pasture, and for their respective pastures only." And the court found in favor of the interveners for the amount of the pasturage of the cattle in the sum of $929.50, and that said amount was a lien upon the cattle described in the two petitions, and that the said bond was executed in order to obtain the possession of and permission to remove the cattle upon which the lien was decreed. This authorized the judgment against the sureties on appellant's bond.

Appellant's claim for shortage in the cattle sold him, and for which he obtained judgment in the sum of $1,538.24 against Hunter did not arise out of and was not incident to or connected with the plaintiff's cause of action upon which this suit is based. The shortage in the number of cattle did not arise out of and was not in any manner incident to or connected with the pasturage of the cattle or appellant's implied obligation to pay the reasonable value of the pasturage. (Rev. Stat., art. 755; Carothers v. Thorp, 21 Texas, 362; Egery v. Power, 5 Texas, 501; Cannon v. Hemphill, 7 Texas, 184; Dutton v. Mason, 21 Texas Civ. App., 393.) And the court having found that the plaintiff C. T. Hunter, by written transfers and assignments filed since the institution of the suits, had assigned and transferred his entire cause of action in each of the suits to the interveners, and that the same was made for value and prior to the filing of the answer and plea of reconvention by appellant Gage, and there being evidence to support such findings, the said claim of appellant could not legally be off-set against the claim of interveners.

If the letters referred to in appellant's fourth assignment of error were improperly admitted in evidence, the case being tried before the court, and there being sufficient evidence independent of that afforded by the letters to support the judgment, and the plaintiff Hunter having, in effect, testified to the matters that these letters tend to prove, their admission was harmless.

The fact that the contract or agreement between Hunter and the Strayhorn-Hutton-Evans Commission Company was not completed or carried out as to that part thereof which required the latter to surrender to the former his notes, and the former to convey to the latter the land upon which they had a second mortgage, does not affect the validity of that part of the contract which was fully consummated, and the benefits of which were availed of by the said Strayhorn-Hutton-Evans Commission Company; and the fact that appellant was not a party to such contract would not in any manner affect the sale made to him of the cattle.

In our opinion there was sufficient testimony to support the finding and judgment of the court as to the amount of pasturage for which judgment was rendered.

As before stated, we are of opinion that the testimony was sufficient to support the finding of the court that the cattle, for the pasturage of which this suit was brought, were the property of appellant Gage; and therefore overrule his seventh assignment of error.

There being no reversible error pointed out in the record, the judgment of the court below is affirmed.

*Affirmed.*