### COCHRANE v. WILSON.†

(Court of Civil Appeals of Texas. March 20, 1911. Rehearing Denied April 13, 1911.)

1. CONTINUANCE (§ 14*)—GROUNDS—SUPPLEMENTARY PETITION—NEW CAUSE OF ACTION.

In an action by a residuary legatee on notes aggregating $1,400 executed by defendant to decedent, and to foreclose a vendor's lien securing the notes, defendant alleged that the land had been occupied by him as a homestead since 1871; that in 1879 judgment was obtained against him upon a note executed by him to M., and that decedent became the owner of the judgment, and that defendant and his wife thereafter mortgaged their homestead to decedent to secure payment of the judgment; that defendant continued to occupy the homestead, and that decedent reconveyed to him, reserving a vendor's lien. The supplementary petition alleged that decedent held the original vendor's note of $556 executed by defendant to C. in 1871 in payment of the land, and defendant transferred the land to decedent in considera-

tion of the surrender of the vendor's lien note, and that decedent thereafter, in consideration of $1,400, secured by a lien on the land, conveyed it to defendant. *Held,* that the supplementary petition did not allege a cause of action different from that originally sued on, and hence there was no abuse of discretion in overruling an application by defendant for a continuance on the ground of surprise from the filing of the supplementary petition.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 99–112; Dec. Dig. § 14.*]

2. CONTINUANCE (§ 14*)—GROUND—SURPRISE—DISCRETION OF COURT.

An application for a continuance on the ground of surprise upon the filing of a supplemental petition is addressed to the sound discretion of the trial court.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. § 99; Dec. Dig. § 14.*]

3. APPEAL AND ERROR (§ 1011*)—FINDINGS—CONFLICTING EVIDENCE—CONCLUSIVENESS.

The trial court's determination of issues on conflicting evidence binds the Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3983; Dec. Dig. § 1011.*]

Error from District Court, Austin County; L. W. Moore, Judge.

Action by E. B. Wilson against Joseph Cochrane. Judgment for plaintiff, and defendant brings error. Affirmed.

Johnson, Matthaei & Thompson, for plaintiff in error. Henry Paulus and C. G. Krueger, for defendant in error.

McMEANS, J. E. B. Wilson, residuary legatee under the will of Jesse O'Bryant, deceased, brought this suit against Joseph Cochrane, Paul Bankett, and Camilla Bankett to recover upon eight promissory notes executed by Joseph Cochrane to Jesse O'Bryant, aggregating $1,400, with interest thereon from January 1, 1908, and for foreclosure of a vendor's lien upon 50 acres of land, part of the William Harvey league in Austin county, by which the notes were secured. Defendant Joseph Cochrane answered, and among other things alleged that he was a married man and the head of a family; that the 50 acres of land mentioned in plaintiff's petition was his homestead, and had been continuously occupied by him and his family ever since he bought the land in 1871, and that he was still occupying the same as his homestead; that in 1879 he was sued and judgment obtained against him upon a note executed by him in 1874, payable to one Motley in payment for rent due said Motley, and that Jesse O'Bryant, stepfather and testator of E. B. Wilson, the plaintiff, became the owner of said judgment, and that on or about September 26, 1879, the defendant and his wife executed a mortgage in the form of a deed of their said homestead to said Jesse O'Bryant to secure the payment of said judgment; that he continued occupying said homestead and paying taxes thereon; that on July 23, 1893, said

Jesse O'Bryant reconveyed said land to defendant, reserving the vendor's lien thereon to secure the payment of $1,400. Plaintiff thereupon filed his first supplemental petition, alleging that Jesse O'Bryant was the holder of the original vendor's lien note in the sum of $556 executed by Joseph Cochrane to P. M. Cuny on January 19, 1871, in payment for the land, and that, being unable to pay said note, the said Cochrane transferred the land to O'Bryant in consideration of the cancellation and surrender of said vendor's lien note; and that thereafter, on July 22, 1893, the said O'Bryant, for and in consideration of $1,400 secured by a lien on the land, conveyed the same to Cochrane. To this the defendant by his first supplemental answer replied that in 1873 he paid the full amount of the original vendor's lien note to James Cochrane, the then holder of same, and that from the year 1879 to the year 1908 he paid Jesse O'Bryant and plaintiff Wilson $100 to $150 per year on his indebtedness. The case was tried by the court without a jury, and resulted in a judgment for plaintiff for $1,624, the aggregate of the principal and interest of the notes sued on, and against all of the defendants foreclosing the vendor's lien on the land in question, and from this judgment the defendant Joseph Cochrane has prosecuted a writ of error to this court.

On the coming in of plaintiff's supplemental petition, defendant moved for a continuance of the case on the ground of surprise, and upon the refusal of the court to grant the continuance he bases his first assignment of error, which is as follows: "The court erred in overruling defendant's motion for a continuance after plaintiff had filed, immediately before announcement of ready for trial, his first supplemental petition, setting up new matter and presenting an entirely new cause of action, as presented by defendant's bill of exception No. 1, in this, to wit: Plaintiff, in his original petition, based his cause of action upon certain vendor's lien notes alleged to have been executed by Joseph Cochrane about July 22, 1893, amounting to $1,400, with interest; while in his first supplemental petition, plaintiff says that on or about the 19th of January, 1871, M. P. Cuny and wife conveyed the land in question to Joseph Cochrane for $556, reserving vendor's lien note for said amount, which note, in due course of trade, passed into the hands of Jesse O'Bryant, after which Joseph Cochrane conveyed said land to Jesse O'Bryant in consideration of the cancellation of said notes. Thereafter, on the 22d of July, 1893, Jesse O'Bryant reconveyed said land to Joseph Cochrane, reserving the vendor's lien notes sued upon."

[1] He contends by his proposition under the assignment that "when a plaintiff files his petition setting up a cause of action and defendant files his answer, and thereupon plaintiff files his supplemental petition setting up an entirely new and different cause of action which results in a surprise to defendant, defendant is entitled to a continuance." While we may agree to the soundness of the proposition abstractly considered, we cannot agree that the supplemental petition filed in this case asserted a cause of action different from that alleged in the original petition. It will be noted that defendant in his answer charged that the deed executed by him to O'Bryant was intended as a mortgage to secure the payment of a judgment obtained by Motley against him in 1874 for rent. The plaintiff in his supplemental petition denied this, and alleged that one P. M. Cuny and wife in 1871 conveyed said 50 acres to Joseph Cochrane for the consideration of $556 for which the latter executed to the former his promissory note which was secured by a vendor's lien on the land; that thereafter said Cuny sold and transferred said note to James Cochrane, and thereafter the note was acquired by O'Bryant, who thereupon became the owner of the lien, and that thereafter, being unable to pay the note, the defendant, joined by his wife, conveyed the land to O'Bryant in satisfaction of the note. Plaintiff did not, by the allegations of the supplemental petition, change his cause of action from a suit to recover upon the notes executed to O'Bryant, aggregating $1,400, of date July 22, 1893, to one for a recovery upon the note executed to Cuny for $556 in 1871. At most, it only recited the history of prior transactions leading up to the sale of the land by O'Bryant to Cochrane, and the execution by the latter of the note sued upon. [2] The application for continuance was addressed to the sound discretion of the court (House v. Cessna, 6 Tex. Civ. App. 10, 24 S. W. 962), and no abuse of that discretion is shown in the refusal to grant it. The assignment is overruled.

[3] By his second assignment appellant complains that "the court erred in not finding that the instrument executed by Joseph Cochrane to Jesse O'Bryant in 1879 was a mortgage or an attempt to fix a lien on the homestead, though in the form of a deed, given by defendant to Jesse O'Bryant to secure the Motley judgment, or some other indebtedness of Joseph Cochrane." While the testimony is meager and conflicting, we think it was sufficient to raise the issue, and justify the trial court in concluding, that the deed executed by defendant and his wife to Jesse O'Bryant in 1879 conveying the 50 acres of land in controversy was made in consideration of the cancellation and surrender of the vendor's lien note executed by Cochrane to P. M. Cuny in 1871, and that the notes sued upon were executed by defendant to O'Bryaut for the purchase money of the land, and were secured by a vendor's lien thereon. The evidence being conflicting, the determination of the issues by the

trial court is binding on us. The assignment is overruled.

There is no merit in the third and fourth assignments. As has been before shown, it is conclusive that plaintiff's suit was upon the notes executed by defendant to Jesse O'Bryant in 1893, and not upon the note executed by defendant to Cuny in 1871.

We have carefully examined appellant's fifth assignment, and have concluded that it is without merit, and it is overruled. The judgment of the court below is affirmed.

Affirmed.