## TIPPETT v. HICKOX. (No. 6394.)*

(Court of Civil Appeals of Texas. Austin. Feb. 13, 1922. Rehearing Denied March 22, 1922.)

1. **Trial ☞352(4)—Special issue as to herding sheep and cattle on plaintiff's land erroneous where there was no evidence of herding cattle.**

In an action for trespass on plaintiff's land, the submission of a special issue as to whether defendant or his employees had herded sheep and cattle, or either, upon plaintiff's land, was erroneous, where there was no evidence that defendant had herded cattle on such land.

2. **Set-off and counterclaim ☞34(3)—Cross-action for trespass by plaintiff's cattle is not connected with action for trespass by defendants.**

In an action for trespass by defendant's cattle upon plaintiff's land in a designated pasture, a cross-action for trespass by plaintiff's cattle upon defendant's land in that pasture was not incidental to or connected with the plaintiff's cause of action and was not a proper cross-action.

3. **Evidence ☞317(2)—Testimony employee of defendant told plaintiff he was instructed to crowd plaintiff off is hearsay.**

In an action for trespass by defendant's cattle, testimony by plaintiff that an employee of defendant stated he was instructed by defendant to crowd plaintiff off of his land should have been excluded as hearsay.

On Rehearing.

4. **Appeal and error ☞1062(1)—Submission of issue unsupported by evidence held prejudicial in view of other findings.**

Error in submitting a special issue as to whether defendant herded his sheep and cattle on plaintiff's land, when there was no evidence of herding cattle, was prejudicial to plaintiff, where the jury, by other findings, stated the value of the pasturage consumed by defendant's sheep and cattle and the judgment for plaintiff was based thereon.

Appeal from District Court, Tom Green County; C. E. Dubois, Judge.

Action by T. F. Hickox against J. H. Tippett. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 26, 1922.

Wright & Harris and L. B. Harris, all of San Angelo, for appellant.

Snodgrass & Dibrell, of Coleman, for appellee.

KEY, C. J. T. F. Hickox brought this suit against J. H. Tippett, and sought to recover a judgment for damages, upon allegations to the effect that the plaintiff had title to, or was entitled to the possession of, certain tracts of land in what is known as the Goode pasture, in Crockett county, and that the defendant had unlawfully caused certain cattle and sheep to be herded upon the lands referred to. Both actual and exemplary damages were sued for.

The defendant's answer included general and special exceptions, a general denial, and a cross-action, alleging in substance that he was the owner or entitled to possession of certain sections of lands in the Goode pasture, and that the plaintiff had unlawfully caused his sheep to be herded upon such lands, thereby entitling him to recover damages.

The trial court submitted the case upon special issues, and upon the jury's answers thereto rendered judgment for the plaintiff for $560, and the defendant has appealed.

[1] The first special issue submitted by the court to the jury is as follows:

"Did defendant, Tippett, or any of his employees, without plaintiff's consent, drive and herd said Tippett's sheep and cattle, or either, upon lands leased to plaintiff in the Goode pasture in Crockett county, Tex., at the times alleged in plaintiff's petition? Answer this question 'Yes' or 'no.'"

The jury answered that question, "Yes." We sustain appellant's eighth assignment of error, which complains of that charge, because there was no evidence tending to show that the defendant or his employees herded any cattle on the plaintiff's land. Our Supreme Court has frequently held that it is reversible error to submit an issue to a jury, when there is no testimony tending to support that issue, unless the record clearly shows that the verdict of the jury was founded upon some other issue; which is not so shown in this case.

We make the same ruling concerning the ninth assignment, which complains of the action of the trial court in giving another charge subject to the same objection.

We are also of the opinion that the appellant urged sound objections to special charge No. 5, asked by the plaintiff and given by the court; but as that charge related to the defendant's cross-action, and as we hold that the defendant was not entitled to maintain his cross-action in this suit, and as the trial court should have sustained the plaintiff's exception thereto, we deem it unnecessary to further discuss the special charge referred to.

[2] The defendant's cross-action did not arise out of, was not incident to, or connected with, the plaintiff's cause of action; and therefore he was not entitled to have it litigated in this case, and the court should have sustained the plaintiff's exceptions thereto. Carothers v. Thorp, 21 Tex. 358; Duncan v. Magette, 25 Tex. 245; Gage v. Hunter, 43 Tex. Civ. App. 241, 94 S. W. 1104; Smith v. Bates (Tex. Civ. App.) 27 S. W. 1044; Riddle v. McKinney, 67 Tex. 29, 2 S. W. 748.

[3] Upon another trial, we suggest that the trial court limit the testimony to transactions occurring after the plaintiff acquired his right to possession of the land held by him; and also that it exclude the testimony of the plaintiff, who testified that another person, while in the employ of the defendant, told him that the defendant had instructed him to crowd the plaintiff off of his land. That testimony was hearsay, and should not have been admitted.

Many of the other questions presented in appellant's brief relate to his cross-action, and are eliminated by our holding that he was not entitled to litigate said action in this suit. Also questions relating to injury to the fence were eliminated by the action of the trial court, in not submitting to the jury any issue relating to the fence.

All other questions presented in appellant's brief have been considered and are decided against him.

For the error indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

### On Rehearing.

After due consideration of this motion, we find no reason for changing the judgment heretofore rendered. We do not agree with appellee's contention that this case comes within the rule announced and applied by this court in Hill v. Houser, 51 Tex. Civ. App. 359, 115 S. W. 113, and other cases cited; nor do we agree with the contention that there was evidence tending to show that the defendant or his employees drove and herded any cattle upon the plaintiff's land.

[4] Counsel for appellee contend that if that be not true, it should be presumed that no part of the $500, awarded by the jury to the plaintiff, was for any damage caused by the cattle. That contention is not supported by the record. On the contrary, in answer to the third special issue submitted by the court, the jury found that the defendant committed the trespasses upon the plaintiff's land alleged in his petition. It was alleged that the trespasses referred to consisted of herding the defendant's sheep and cattle on plaintiff's land; and therefore that finding of the jury was that the defendant had herded both cattle and sheep upon plaintiff's land.

In response to the fourth issue submitted,

the jury found that the reasonable market value, at the times and place of the alleged trespasses, of the grass and herbage on the plaintiff's land, which was destroyed or consumed by the defendant's sheep and cattle, was $500. That finding indicates that the jury allowed something for injury done by the defendant's cattle. So, it affirmatively appears from the record that the appellant was injured by the charge complained of and copied in our original opinion. Motion overruled.

Motion overruled.