PORTER et al. v. KAHL.  (No. 1795.)

Court of Civil Appeals of Texas. Beaumont.
Dec. 6, 1928.

D. E. O'Fiel, of Beaumont, of appellants.

E. W. Easterling and M. S. Duffie, both of Beaumont, for appellee.

O'QUINN, J.  This is an appeal from an order refusing to dissolve a temporary injunction restraining proceedings under an execution issued by virtue of a judgment in favor of J. A. Porter against Nick Kahl.

The record discloses that Porter filed suit in the county court at law of Jefferson county, Tex., against Nick Kahl on May 21, 1918, on a note for $500, interest, and attorney's fees. Kahl appeared and filed answer, and the suit pended until March 6, 1925, when judgment was entered in favor of Porter. March 10, 1926, Kahl filed suit to set aside this judgment, but judgment was against him, and he appealed from that judgment to the Court of Civil Appeals, where the judgment of the lower court was affirmed May 26, 1927 (296 S. W. 324). After the judgment above mentioned became final, Porter caused a writ of garnishment to issue against the Texas Company, which at the time was indebted to Kahl in a sum of about $1,600, which sum Kahl promptly replevied. April 12, 1928, Porter recovered judgment in the garnishment suit against Kahl and his sureties on his replevy bond. May 26, 1928, Porter for a valuable consideration assigned his judgment to F. A. Blanchard, authorizing him in Porter's name to sue out execution for the enforcement of the judgment. The execution herein sought to be restrained was issued and levied upon lots 172, 173, and 174 in block 38, in the city of Beaumont, Tex., on June 6, 1928. May 31, 1928, Kahl instituted this suit in the district court of Jefferson county, Tex., against Porter for an accounting, growing out of an alleged partnership, and against Blanchard (to whom Porter had assigned the judgment) and S. W. Williams, constable, who had made the levy under the execution, to restrain sale under said execution. In his petition Kahl alleged that at or about the time of the execution of the note made the basis for the judgment in question, he and Porter entered into a partnership for the purpose of buying, cutting, manufacturing, selling, and marketing timber and lumber, and that under the terms of their partnership agreement they were to be equally interested in the earnings and profits of the business and were to equally bear the expenses and to be equally liable for all losses, if any, sustained, and that Porter agreed to pay to Kahl $500 in addition to other obligations in the said contract of partnership; that Porter failed to pay said $500; that said partnership business resulted in a loss of $10,000, but that Porter failed and refused to pay his one-half of said loss, and that he (Kahl) had to and did pay same, by reason of which Porter was indebted to him in the sum of $5000, and that in operating the said partnership business he (Kahl) paid out for operating expenses the sum of $981.32, and that Porter failed and refused to repay to him one-half of said sum, by reason of which Porter was indebted to him in the further sum of $490.66; that there had never been an accounting between them, and that if such accounting were had, Porter would owe him more than the amount of said note or the

judgment based thereon; alleged that the transfer or assignment of the judgment by Porter to Blanchard was not in good faith, was fraudulent and fictitious, and made for the purpose of enabling Porter to collect said judgment against him, and prayed for an accounting of the partnership affairs between him and Porter, and that if it was found that Porter was indebted to him, that said indebtedness be set off against the judgment obtained by Porter against him, and that Porter, Blanchard, and Williams be restrained from in any way undertaking to enforce the collection of said judgment, and that said constable, Williams, be ordered to return said execution into court and be restrained from selling the property levied on, or any other property, under said execution. The injunction issued as prayed for. It is not shown that Porter, who resides in the state of Louisiana, was served with citation. Appellants Blanchard and Williams appeared and answered by general demurrer, special exceptions, setting out the history of the previous litigation resulting in the judgment sought to be enjoined, and asserting that no equities were shown to warrant any interference by the district court in the enforcement of the county court judgment, and a general denial.

Appellant Blanchard specially answered that he was not in any way interested in the controversy between Porter and Kahl; that he was the owner by assignment from Porter of the judgment in question for a valuable consideration and without notice of any equity or right of set-off in Kahl against said judgment. Further specially answering, said appellant Blanchard alleged that no partnership ever existed between Porter and Kahl; that no contention of such partnership was made by Kahl until long after the rendition of the judgment in question and after the determination against him in the suit to set aside said judgment, and not until the filing of this suit in the district court seeking to restrain the collection of said judgment; that if any such partnership ever existed and if the matters charged by appellee occurred, as alleged, then same were barred by the statutes of two and four years' limitation, which he specially pleaded, and that said claim by appellee was not such a demand as could be set off against the judgment, and prayed that the injunction be dissolved. The answer was duly verified. Williams, constable, answered that he had no interest in the controversy other than the discharge of his official duty, and joined in the motion to dissolve the injunction. The motion to dissolve was set down for hearing and was regularly heard and was overruled, and the matter is before us by appeal.

The court made findings of fact, and there is a statement of facts embracing the evidence given on the hearing to dissolve, which is agreed to by the parties and approved by the court. It appears that Porter lived at Beaumont, Tex., at the time the note in question, the basis of the judgment, was given; that shortly after he removed to the state of Louisiana and has resided there ever since; that Blanchard has at all times lived in Louisiana; that Blanchard was the attorney representing Porter in the litigation with Kahl; that for a valuable and sufficient consideration, consisting of cash and legal services, he is the assignee of the judgment in question; that he took the judgment by assignment prior to the institution of this suit by Kahl and without any notice of any equities or right of set-off existing in Kahl against Porter. It does not appear that the note given by Kahl to Porter, the basis of the judgment, originated in or was related to the partnership or the business of the partnership, if it existed, between Kahl and Porter. So far as revealed by the record, no claim of partnership indebtedness from Porter to Kahl was ever made by Kahl until the filing of this suit, some ten years after the execution of the note and after suit and judgment on the note, and after Kahl had lost his suit to set aside said judgment, and after execution had been levied on the lots mentioned. The claim urged to be made a set-off against the judgment arose, if it did, more than two and more than four years before the institution of this suit and the assertion of said claim for set-off therein.

On the facts briefly stated, we think the injunction was improvidently issued and should have been dissolved, for the reasons:

1. The claim, if it existed, could not be set off against the judgment in the hands of an assignee for value and without any notice of equities existing in the judgment defendant against the original judgment owner. The assignee's right is superior to that of the judgment defendant. Dutton v. Mason, 21 Tex. Civ. App. 389, 52 S. W. 651; Gage v. Hunter, 43 Tex. Civ. App. 241, 94 S. W. 1104; Davidson v. Lee (Tex. Civ. App.) 162 S. W. 414; 2 Black on Judgments, § 594.

2. It not appearing that appellee, Kahl's, claim of cause of action against Porter here asserted as a set-off against the judgment arose out of, or was incidental to, or connected with the transaction in which the note executed by Kahl to Porter, the basis of the judgment, was given, same is too remote and could not be allowed. Article 2017, R. S. 1925; Gage v. Hunter, 43 Tex. Civ. App. 241, 94 S. W. 1104; Carothers v. Thorp, 21 Tex. 358.

3. The indebtedness, if it existed, claimed by Kahl against Porter, was clearly barred by limitation, and therefore could not be set off against the judgment. Campbell v. Park, 11 Tex. Civ. App. 455, 33 S. W. 754.

4. If there was a partnership between Kahl and Porter, and if each was to share equally in the earnings and to suffer equally in the losses, if any, that resulted from the

operations of the partnership business, and if the losses occurred as alleged by Kahl, and he paid them, together with the operating expenses, for which he had not been reimbursed by Porter for his half, then these were matters that could have, if admissible, been pleaded and presented as defenses to the suit on the note. This was not done or attempted to be done, and equity will not allow Kahl at this late date to maintain a separate suit to present a defense, as a set-off, that could have been offered on the trial in the suit for judgment on the note. Crawford v. Wingfield, 25 Tex. 414.

The judgment is reversed and the injunction dissolved.