J. M. BECKHAM AND ANOTHER v. T. C. HUNTER, ADM'R.

In defense to a suit on a promissory note, the defendants pleaded that their note was made in consideration of the plaintiff's growing crop, and for the further consideration that they should have the use of the plaintiff's teams and implements to complete the crop, and that plaintiff would allow his hired hands to pass into the employment of defendants, and complete the crop; but that the plaintiff, in violation of the contract, took away his teams and implements, and enticed away the hired hands, so that the crop was lost, to defendants' damage, etc. *Held*, that this plea in reconvention was competent and sufficient; and the court below erred in striking it out, on exceptions by the plaintiff.

APPEAL from Brazos. Tried below before the Hon. I. B. McFarland.

The substance of the plea in reconvention is shown by the opinion and the head-note.

*Davis & Beall* and *Broaddus & Thomas*, for appellants.

*Preston & Smith*, for appellee.

WALKER, J. This was an action on two promissory notes which were executed in pursuance of a contract for the sale of a crop of corn and cotton. The appellants purchased the crop from the appellee before it had matured (as they claim), under a covenant that the appellee would furnish them the necessary teams and farming implements for cultivating and saving the crops, and would also allow the laborers to remain upon the plantation and work for the appellants, which laborers were then hired by the appellee.

They set up a breach of this covenant in their answer, which was excepted to, and the exception sustained; which we think was error.

If the appellants sustained damages, it was part and parcel of the same transaction which led to the execution of the

notes sued on, and it was between the same parties and in the same right. (14 Texas, 153; 18 Texas, 520; 19 Texas, 288.) But it is claimed by the appellee that these cases have been overruled in Duncan *v.* Magette, 25 Texas, 245. We do not think this is the case. .

It is unnecessary to say that at common law unliquidated damages could not be set off or recouped against a liquidated demand; but our system is peculiar, resembling somewhat the civil codes of other States, and does undoubtedly admit of a party reconvening for damages in a case like this. The judgment of the District Court will therefore be reversed and the cause remanded.

Reversed and remanded