### TAYLOR, BOON & WADEL v. M. P. BEWLEY.

#### No. 890. Decided April 16, 1900.

**1. Certified Question—Pleading—Account—Liquidated Demand.**

See statement of nature of plaintiff's pleadings for recovery upon account for goods sold, given in certified questions, held to leave uncertain the question whether the suit was for liquidated or unliquidated damages. (Pp. 525-527.)

**2. Offset—Unliquidated Demands.**

An action to recover the market value of goods sold is for an unliquidated demand and subject to be offset by a claim for damages for plaintiff's failure to comply with a distinct contract for sale and delivery of other goods to defendant. (P. 527.)

**3. Same—Liquidated Demand.**

An action for goods sold at an agreed price is upon a liquidated demand and not subject to be offset by unliquidated damages for failure to fulfill a distinct contract. (P. 527.)

**4. Same—Alternative Pleading.**

Where plaintiff's action for goods sold is so shaped as to seek recovery for market value or agreed price as the facts may appear, defendant could shape his pleadings so as to have his unliquidated offset allowed in the event the proof did not show the price of the goods to be fixed by agreement. (P. 527.)

QUESTION CERTIFIED from the Court of Civil Appeals for the First District, in an appeal from Smith County.

*Marsh, McIlwain & Fitzgerald,* for appellants.—There being only two limitations on the right to plead a counterclaim, to wit (1), when the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, and (2) when the suit is on a certain demand; and plaintiff's cause of action not being founded either on a tort or breach of covenant or a certain demand, defendants had the right to have their counterclaim allowed as an offset against plaintiff's claim. Rev. Stats. 1895, arts. 750, 754; Bodman v. Harris, 20 Texas, 31; Sanders v. Bridges, 67 Texas, 93.

The measure of defendants' recovery for breach of contract to deliver the flour was not a speculative amount to be fixed by the court or jury in their discretion, but was absolutely fixed by law as the difference in the price defendants were to pay for the sixty barrels of flour and the market value of sixty barrels of like flour on the date the contract was breached. Ullman v. Babcock, 63 Texas, 68; Randon v. Barton, 4 Texas, 289.

The amount of defendants' recovery for breach of the contract being accurately measured and fixed by law, and the only evidence required to establish it being (1) what was the price at which the flour was bought, and (2) what was the market value August 18, 1897, it was not such uncertain damages as is contemplated by the law relating to counterclaim, and defendants had the right to plead and prove it. Bank v. Lynch, 6 Texas Civ. App., 590; Schwulst v. Neely, 50 S. W. Rep., 608; June v. Brubaker, 5 Texas Civ. App., 79.

*Butler & Laseter*, for appellee.—Appellee's cause of action being founded on a certain, stated, or liquidated demand, the court properly refused to permit appellants to plead a counterclaim or set-off founded on an unliquidated demand, sounding in uncertain damages founded on a breach of covenant on the part of appellee, which did not arise out of, was not incident to, or connected with appellee's cause of action, and the court properly sustained appellee's special exception to said pleading. Sayles' Civ. Stat., art. 754; Frank v. Motley, 37 S. W. Rep., 868; Pittman v. Keith, 24 S. W. Rep., 88; Hilliard v. Johnson, 28 S. W. Rep., 100; Davis v. McDowell, 1 White & W. C. C., sec. 380; Carothers v. Thorp, 21 Texas, 358; Duncan v. Magette, 25 Texas, 251; Jones v. Hunt, 74 Texas, 657; Le Gierse v. Mathews & Wright, 1 White & W. C. C., 779; Schmidt v. Rost, 1 White & W. C. C., 684.

The measure of appellants' recovery for breach of contract to deliver the flour was the difference in the price appellants were to pay for the sixty barrels of flour and the market value of sixty barrels of like flour on the date the flour was to be delivered. Adler v. Kiber, 5 Texas Civ. App., 415; Ullman v. Babcock, 63 Texas, 68; Heilbroner v. Douglas, 45 Texas, 406; Turnley v. Weiss, 1 White & W. C. C., sec. 1280.

Appellants' plea showed upon its face that it was an unliquidated and uncertain demand, and the court did not err in sustaining appellee's exception to same. Sanders v. Bridges, 67 Texas, 93.

WILLIAMS, Associate Justice.—Certified question from the Court of Civil Appeals for the First District:

"In the above styled cause pending in this court on appeal from the County Court of Smith County, appellee sues upon a verified open account for goods alleged to have been sold and delivered by him to appellants on August 11, 1897. The values of said goods, as itemized in said account, amount in the aggregate to the sum of $202.75. There is no specific allegation in the petition that the above amount was the agreed value of the goods. The account is attached to the petition as an exhibit, and the allegation is that in consideration of the sale and delivery of said goods, the defendants became liable and promised to pay plaintiff said sum of two hundred and two and 75-100 dollars.

"Appellants answered, admitting they bought flour as alleged in the petition to the amount of $202.75, and that the account was just and true, less the offset or counterclaim specially pleaded as follows: Ap-

pellants alleged that on, to wit, the 20th day of July, 1897, they made a contract of purchase from appellee, through his duly authorized agent, of flour in the quantity and at prices as follows: 5 barrels Anchor (in wood), at $3.75 per barrel; 100 sacks (25 barrels) Anchor, at $3.60 per barrel; 5 barrels Gem (in wood), at $3.35 per barrel; 100 sacks (25 barrels) Gem, at $3.20 per barrel; or a total of sixty barrels; that said contract of purchase was duly communicated to appellee, and by him accepted and ratified on July 21, 1897; that the flour so bought was, by said contract, to be delivered to appellants on August 1, 1897, or within a reasonable time thereafter; that appellants were assured from time to time by appellee's agent, acting with authority, that the mill was behind with orders, but that said contract would be complied with and said flour delivered within a reasonable time; that on August 18, 1897, appellee, for the first time, notified appellants that he would not comply with said contract; that immediately after said contract and purchase was made, the price of flour of all grades began to rise rapidly in all the markets, and that on August 18th, the date appellee breached his contract, flour of all grades had advanced in price and could not be bought in the market for less than $1.20 per barrel more than the price at which appellants had bought the said sixty barrels from appellee; that by reason of the failure of appellee to deliver the flour, appellants were damaged in the sum of $1.20 per barrel on said sixty barrels, or $72.00, which they asked to be allowed as an offset or counterclaim.

"Appellee, in the lower court, excepted to appellants' plea of set-off or counterclaim on the ground that appellee's cause of action was on a certain stated or liquidated demand, and that appellants' set-off or counterclaim was for uncertain and unliquidated damages for breach of contract which had no connection with appellee's cause of action. The trial court sustained this exception and refused to allow appellants to assert their said counter-claim and rendered judgment for appellee for the full amount sued for.

"The correctness of the ruling of the trial court in sustaining said exception is the only issue raised on this appeal. Upon this statement of the record, we respectfully certify to your honorable court for decision the following question:

"Were the damages claimed by appellants in said plea a proper set-off or counterclaim to appellee's cause of action, and did the trial court err in sustaining exceptions to said plea?"

We can not definitely determine, from the statement of the petition, whether its allegations showed plaintiffs' claim to be liquidated or not. The statement that the action is upon an open account and that there is no specific allegation that the sum sued for is the agreed price of the goods, would indicate that the claim is unliquidated. McCamant v. Batsell, 59 Texas, 369, 370. An approved definition of the term "liquidated" is given in Jones v. Hunt, 74 Texas, 657.

On the other hand, it does not appear that the reasonable market values of the goods are alleged or that plaintiff seeks to recover upon

a quantum valebant, while it is stated that the petition alleges that defendant became liable and promised to pay the sum sued for. Whether this is to be treated as showing an agreement as to the prices alleged or as a mere formal statement of a conclusion from other facts stated, depends upon a construction of the whole petition, which is not before us. It is necessarily true, however, that the petition either seeks (1) to recover the market value of the goods; or (2) an agreed price; or (3) the market value or an agreed price as the facts may appear.

In the first case, the claim would be unliquidated, and, under the decisions in Bodman v. Harris, 20 Texas, 31, and Sanders v. Bridges, 67 Texas, 93, the defendant's claim being also unliquidated, could be pleaded in offset.

In the second case, the claim sued on would be a liquidated one, and the defendant's unliquidated claim, according to the decisions, could not be set off against it. Howard v. Randolph, 73 Texas, 454; Riddle v. McKinney, 67 Texas, 29.

In the third case, since plaintiff could recover upon proof of an unliquidated claim, the defendant could shape his pleading so as to meet that aspect of the case and have his set-off allowed in the event the proof should not show that the prices of the goods had been fixed by agreement. This seems to us to be the line of demarcation definitely fixed by the construction given to the statute in the previous decisions of this court.

This sufficiently answers the question certified to enable the Court of Civil Appeals to render its judgment accordingly.