TAYLOR, BOON & WADEL v. M. P. BEWLEY.

Decided May 10, 1900.

1. **Pleading—Allegation of Agreed Price, and Not of Quantum Valebat.**

In a petition on an account for flour sold, an allegation that, at the special instance and request of defendants, the plaintiff sold and delivered to the defendants the flour specified in the attached account, in consideration whereof defendants then and there became liable and promised to pay plaintiff the sum of $202, as shown in said account, must be held as an allegation that the sum so stated was the agreed price of the flour, a liquidated amount, and not an allegation of its reasonable (unliquidated) value.

**2. Set-Off—Unliquidated Damages.**

In an action for the agreed price of flour, defendants can not set off a claim for unliquidated damages growing out of plaintiff's delay in the delivery of flour under a different contract, consisting of the difference between the contract price thereof and its market value. Rev. Stats., art. 754.

APPEAL from the County Court of Smith. Tried below before Hon. GEORGE W. CROSS.

*Marsh, McIlwaine & Fitzgerald,* for appellants.

*Butler & Lassiter,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit to recover of appellants the sum of $202.75, alleged to be due upon an open account for a certain lot or shipment of flour sold and delivered by appellee to appellants, an itemized statement of said account duly verified as provided by article 2266, Revised Statutes, being attached to and made a part of the petition.

The cause of action is alleged in the petition as follows: "That heretofore, to wit, on or about the 11th day of August, 1897, plaintiff, at the special instance and request of defendants, sold and delivered to them a certain lot of flour specified in the verified account hereto attached, marked 'Exhibit A' and made a part of this petition, in consideration whereof the defendants then and there became liable and promised to pay plaintiff the sum of $202.75, as shown in said Exhibit A."

Appellants answered, admitting they bought flour as alleged in the petition to the amount of $202.75, and that the account was just and true, less the offset or counterclaim specially pleaded as follows: Appellants alleged that on, to wit, the 20th day of July, 1897, they made [another] contract of purchase from appellee, through his duly authorized agent, of flour in the quantity and at prices as follows: 5 bbls. Anchor (in wood) at $3.75 per bbl.; 100 sks. (25 bbls.) Anchor at $3.60 per bbl.; 5 bbls. Gem (in wood) at $3.35 per bbl.; 100 sks. (25 bbls.) Gem at $3.20 per bbl.—or a total of 60 barrels; that said contract of purchase was duly communicated to appellee, and by him accepted and ratified on July 21, 1897; that the flour so bought was, by said contract, to be delivered to appellants on August 1, 1897, or within a reasonable time thereafter; that appellants were assured from time to time by appellee's agent, acting with authority, that the mill was behind with orders, but that said contract would be complied with and said flour delivered within a reasonable time; that on August 18, 1897, appellee, for the first time, notified appellants that he would not comply with said contract; that immediately after said contract and purchase was made the price of flour of all grades began to rise rapidly in all the markets, and that on August 18th, the date appellee breached his contract, flour of all grades had advanced in price, and could not be bought in the market for less than $1.20 per barrel more than the price at which

appellants had bought the said sixty barrels from appellee; that by reason of the failure of appellee to deliver the flour appellants were damaged in the sum of $1.20 per barrel on said sixty barrels, or $72, which they asked to be allowed as an offset or counterclaim.

Appellee, in the lower court, excepted to appellants' plea of set-off or counterclaim on the ground that appellee's cause of action was on a certain stated or liquidated demand, and that appellants' set-off or counterclaim was for uncertain and unliquidated damages for breach of another contract which had no connection with appellee's cause of action. The trial court sustained this exception, and refused to allow appellants to assert their said counterclaim, and rendered judgment for appellee for the full amount sued for.

The correctness of the ruling of the trial court in sustaining said exception is the only issue raised on this appeal.

This court having certified to the Supreme Court the question as to whether or not the damages claimed by appellants in their plea is a proper set-off or counterclaim to appellee's cause of action, that court has answered (Taylor v. Bewley, 93 Texas, 524) that the amount claimed in said plea, being an unliquidated demand, can not be set off against plaintiff's demand, if the amount claimed by plaintiff is the agreed price of the flour, because in such case appellee's claim would be liquidated; citing Howard v. Randolph, 73 Texas, 454, and Riddle v. McKinney, 67 Texas, 29.

We are of opinion that the allegations of the petition before quoted in effect charge that the amount sued for was the agreed price of the flour. It is nowhere specifically stated in the petition that the amount sued for is the agreed price of the flour, but there is no allegation that said amount is the reasonable value of said flour; and we think the reasonable construction to be placed upon the allegation of the liability of the appellants is that they agreed to pay the prices for the flour set out in said itemized account. Such being our construction of the petition, the judgment of the court below must, in accordance with the opinion of the Supreme Court, be affirmed, and it is so ordered.

*Affirmed.*