## M. L. TYSON V. JACKSON BROS.

### Decided December 9, 1905.

**1.—Personal Promise of Agent—Liability—Pleading.**

It appearing from the pleading of the defendant in reconvention that the promise of the plaintiffs to keep on hand and furnish such extras as might be needed for the machinery which plaintiffs, as agents for a manufacturing company, sold to defendant, was the personal promise of plaintiffs, it was error to sustain an exception to said pleading on the ground that defendant's cause of action for breach of said promise was against the principal and not against the agents.

**2.—Same—Consideration.**

The commission received by such agents on the sale to defendant was a sufficient consideration for said promise.

**3.—Statute of Frauds—Pleading.**

A pleading which alleges a promise to answer for the default of another need not show that said promise was in writing.

**4.—Set-off—Note—Unliquidated Damages.**

In a suit on a note a counterclaim for unliquidated damages arising out of the same transaction in which the note sued on was executed, is permissible.

Appeal from the District Court of Wilbarger County. Tried below before Hon. S. P. Huff.

*Tolbert & Berry*, for appellant.

No brief for appellees.

STEPHENS, ASSOCIATE JUSTICE.—The court erred in sustaining the third, fourth, fifth, seventh, eighth and ninth special exceptions of plaintiffs below to the defendant's pleadings. The cause of action set up in the answer, at least insofar as it was alleged that the plaintiffs had undertaken to keep on hand and furnish extras, was not, as asserted in the third exception, against the Avery Manufacturing Company, for whom they acted in selling the machinery for which the note declared on was given, but against the plaintiffs themselves.

The commission on the sale was a sufficient consideration for this individual promise on the part of the plaintiffs, which, as alleged, was not made in behalf of the manufacturing company, but by the plaintiffs personally or individually, and for this reason the fourth exception should not have been sustained.

A pleading which alleges a promise to answer for the debt, default or miscarriage of another, is not subject to demurrer merely because it fails to show that such promise was made in writing, and for this reason the fifth exception should not have been sustained.

The plaintiffs were not relieved of their undertaking to furnish extras merely because the breaking of the several pieces of the machinery mentioned in the defendant's answer may not have been due to negligence or innate defects. Their promise had no such qualification. For this reason the seventh and eighth exceptions should not have been sustained.

The ninth should have been overruled, because the counter-claim pleaded by defendant arose out of the same transaction in which the note declared on had been executed, and appellant's answer was not subject to the criticism that it attempted to set off against a liquidated demand a claim for uncertain or unliquidated damages.

*Reversed and remanded.*