### J. F. HALLINAN v. A. LEVYTANSKY.

Decided April 27, 1907.

**Verified Account—Unliquidated Demand—Set off.**

The fact that an open account was verified as provided by statute would not prevent the defendant in a suit upon such account from pleading an unliquidated claim in setoff.

Appeal from the County Court of Victoria County. Tried below before Hon. Ben. W. Fly.

*Proctors, Vandenberge & Crain,* for appellant.

*Dupree & Pool,* for appellee.—The account sued on being an open

account, within the provisions of article 2323 Revised Statutes, and being supported by the prescribed affidavit, in the absence of a counter affidavit by the appellant (defendant below) said account is considered proved, and to permit the defendant (appellant) to plead a counter claim or cross action, as an offset thereto, without a denial under oath of the verified account would defeat the purposes of the statute. Rev. Stats., art. 2323; Moore v. Powers, 16 Texas Civ App., 438; Taylor v. Bewley, 93 Texas, 524; 56 S. W. Rep., 746; Davidson v. McCall Company, 95 S. W. Rep., 32; Baldwin v. Richardson, 87 S. W. Rep., 746.

The account sued on, being an open account, within the provisions of art. 2323, Revised Statutes, and being properly verified, as by said article prescribed, was proven, and in the absence of a denial under oath, as prescribed by said article 2323, the same became a certain demand, a debt, for a fixed and definite amount, and the defendant will not be permitted to set off against said account so proven, unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the appellee. Articles 2323, 754, 755, Rev. Stats., 1895. Moore v. Powers, 41 S. W. Rep., 708; Davidson v. McCall Co., 95 S. W. Rep., 32; Presnall v. McLeary, 50 S. W. Rep., 1066; Pinson v. Kirsh, 46 Texas, 26; Taylor v. Bewley, 93 Texas, 524; Baldwin v. Richardson, 87 S. W. Rep., 746; Worley v. Smith, 63 S. W. Rep., 903; Wood v. Kieschbaum, 31 S. W. Rep., 326; Pittman v. Keith, 24 S. W. Rep., 88.

REESE, Associate Justice.—A. Levytansky sued J. F. Hallinan in the Justice Court upon an open account, verified by his affidavit under the statute, for merchandise sold and delivered. Defendant denied the account, but not under oath, and pleaded by way of counter-claim or setoff and reconvention, a claim for damages for injury to a certain diamond stone, which it was alleged had been left with plaintiff to be set in a ring and which he had, through unskilfullness or carelessness, broken and injured.

Plaintiff excepted to the plea on the ground that his suit was upon a certain demand, while defendant's claim was for unliquidated damages for "tort or breach of covenant" and, under the statute (article 754, Revised Statutes), could not be pleaded as an offset to his claim upon the verified open account. There were no pleadings on the part of the plaintiff that would serve to show the nature of his claim except the open account and affidavit that it was just and correct. The plaintiff's exceptions were sustained to the defendant's plea of counter-claim, or cross action as defendant terms it, and judgment rendered for plaintiff for the amount of his claim. Upon appeal to the County Court there was the same result, and from the judgment defendant appeals.

The fact that appellee's open account was verified by affidavit did not affect appellant's right to plead the counter-claim. (Railway Co. v. McTieque, 1 App. Civ. Cases, sec. 461; Bach, Meirs & Co. v. Ginacchio, id., sec. 762; Galveston, H. & S. A. Ry. Co. v. Schwartz, 2 id., sec. 759.) Nor did such affidavit affect the nature of the de-

mand as being certain or uncertain under the provisions of article 754 of the statute.

Following the decision of the Supreme Court in Taylor v. Bewley (93 Texas, 524), we must hold that the suit upon open account was not a suit upon a certain demand, and that appellant could properly plead as a counter-claim his claim for unliquidated damages. The judgment of the County Court is reversed and the cause remanded.

*Reversed and remanded.*