### BROOKS TIRE MACHINE COMPANY v. L. L. SHIELDS.

Decided January 15, 1908.

**1.—Set Off—Unliquidated Damages.**

A suit for the price of property sold for an agreed sum was for liquidated damages, and was not subject to be offset by a claim of defendant for unliquidated damages, not arising out of the same transaction, though also based on a contract.

**2.—Practice—Beginning and Close—Admission.**

It seems (in the opinion of Justice Rice) that an admission by defendant of plaintiff's claim except as defeated by his defense, for the purpose of obtaining the right to open and close, would admit that the articles were sold to defendant at an agreed price, if such was the form of plaintiff's pleadings.

**3.—Harmless Error.**

In a trial before the court the admission of improper evidence is not ground for reversal where the record shows that it was not considered by the court in arriving at his judgment.

**4.—Sale—Evidence.**

Evidence considered and held insufficient to support a claim by defendant that a machine was not sold to him at a price fixed, but was furnished him by plaintiff in lieu of another which did not fulfill the warranty given on its sale.

Appeal from the County Court of Coleman County. Tried below before Hon. E. M. Bowen.

*Snodgrass & Dibrell,* for appellant.—Said counterclaim being un-

liquidated and not growing out of nor in any way incident to the demand of the plaintiff, it was error for the court to render any judgment whatever for the defendant on the counterclaim. Sayles' Civil Statutes, arts. 754, 755; Taylor v. Bewley, 56 S. W., 746-7; Taylor v. Bewley, 56 S. W., 937; Howard v. Randolph, 73 Texas, 454; Riddle v. McKinney, 67 Texas, 29; Carothers v. Thorp, 21 Texas, 362.

*E. M. Critz,* for appellee.—The account and claim of appellant upon which this suit was brought was an unliquidated, and not a liquidated demand as alleged by appellant. Hallinan v. Levytansky, 18 Texas Ct. Rep., 479; Galveston, H. & S. A. Ry. Co. v. Schwartz, 2 App. C. C., secs. 758, 759; Bach, Meiss & Co. v. Ginocchio, 1 App. C. C., sec. 1316; 1 A. & E. Enc. Law, 435 (2d ed.); 21 A. & E. Enc. Law, 919 (2d ed.); Wroten G. & L. Co. v. Mineola Box Mfg. Co., 16 Texas Ct. Rep., 167.

That part of the counterclaim of appellee, which asks recovery of one hundred and forty-five dollars, money paid by defendant to plaintiff for the first tire setter No. 2, bought in 1904, is a liquidated and not an unliquidated demand as alleged by appellant. Snelling v. Koerner, 27 S. W., 887; Black's Law Dictionary, 724.

The demand of the defendant, and especially that part thereof which seeks recovery of the sum of $145, the amount paid by defendant to plaintiff for said machine No. 2, is incident to the demand of plaintiff. McDonel & Co. v. Home Bitters Co., 1 App. C. C., sec. 1160 and note; Howard v. Moore, 1 App. C. C., sec. 225; Coleman v. Bruce, 37 Texas, 171; Beckham v. Hunter, 37 Texas, 551.

The trial court erred in finding against appellee on his second count in his original answer, alleging that the said machine No. 2 was given and delivered to defendant by plaintiff in lieu of and to make good the warranty on the first machine No. 2.

RICE, ASSOCIATE JUSTICE.—Appellant, as plaintiff, sued appellee, as defendant, in the Justice's Court upon a verified account to recover the sum of $160, with legal interest thereon, being the price of one Brooks tire setter sold by it to him on or about September 2, 1905; and in its petition filed in connection with said account, alleged that said sum of $160 was the agreed price to be paid therefor.

Appellee answered admitting in writing, as prescribed by rule 31, that plaintiff had a good cause of action as set forth in its account and petition filed herein, except insofar as the same might be defeated in whole or in part by the facts set up in his answer. He further plead that on March 23, 1904, he purchased from plaintiff another Brooks cold tire setter for the sum of $145, upon an express warranty that the same would perform and work well, and would be and was reasonably fit and adapted for the use and purpose for which it was sold, to wit, to set and shrink tires cold upon the wheels, etc., and was reasonably fit and adapted for setting and shrinking wagon, buggy and other vehicle tires in ordinary use, and containing in addition thereto other stipulations of warranty not deemed necessary to be set out; that the said tire setter was received by him

and, after being fully tried and tested, was found to be utterly worthless and of no value; that defendant had, long prior to the filing of this suit, to wit, on May 24, 1904, and February 18, 1905, by partial payments thereon made, fully paid to appellant the purchase price therefor, to wit, the sum of $145, and that defendant now holds said first tire setter subject to appellant's order; that defendant in an effort to use said first machine attempted to repair the same and had incurred thereby an expense of $20, making a total of $165 paid by him on account of said first machine, which he plead in offset to plaintiff's demand, asking judgment in his favor for the difference of $5 between his and appellant's account, with interest, costs of suit, etc. Defendant further plead that plaintiff verbally agreed and promised him at the time said warranties were given, and at divers other times thereafter, that if said machine did not prove as represented, or did not perform and work well then plaintiff would replace, free of cost to defendant, all defective parts of said machine, and in the event said machine did not give satisfaction in every particular, and perform and work well in all respects, as represented, then it would furnish defendant a new and better machine in lieu of said first machine; that relying upon these representations and warranties he, defendant, ordered and purchased the first machine and finally paid in full therefor; and also relying upon said representations and warranties, as aforesaid, did on August 31, 1905, order the said second machine from plaintiff, for the price of which this suit is brought; that said second machine was sold to him by plaintiff in lieu of the first machine; that said first machine is now held by defendant subject to plaintiff's order, and is, in fact, the property of plaintiff, praying judgment in accordance with said plea.

Appellant filed general and special exceptions raising the issue as to the right of the defendant to offset an unliquidated demand growing out of an independent transaction against plaintiff's liquidated claim. On trial in the Justice's Court verdict and judgment was for the defendant upon the latter phase of the case. Upon appeal to the County Court, trial being before the court without a jury, plaintiff's exceptions to defendant's plea in offset were overruled, and judgment was rendered in favor of plaintiff for the full amount of its claim and for defendant for the sum of $145, and against defendant on his plea for $20, making judgment in favor of plaintiff for the difference between said two accounts of $15, with interest thereon, from which judgment appellant prosecutes this appeal, and assigns as error, among other things, the action of the trial court in overruling its exception to appellee's plea of offset.

The question for determination, therefore, is, first, whether or not appellant's suit is founded upon a certain or liquidated demand, because, if the same is so founded, then defendant would have no right to set off against the same any amount that might be ascertained to be due him by appellant as unliquidated or uncertain damages, founded on either a tort or breach of covenant, unless the same grew out of, was incident to, or connected with plaintiff's cause of action. From the allegations of defendant's counter-claim it is

clear that he undertakes to recover for an alleged breach of covenant, to wit, that of a breach of warranty on account of another and different machine purchased by him from appellant some 18 months prior to the purchase of the second machine and, therefore, could not be said to arise out of, be incident to or in any wise connected with the plaintiff's cause of action. Now, is plaintiff's cause of action founded upon a certain or liquidated demand? We think this must be determined alone from the allegations of plaintiff's petition filed with its verified account. It appears therefrom that the amount sued for, to wit, $160, was for the price of a Brooks tire setter, sold by appellant to appellee, it being alleged therein that defendant agreed and promised to pay plaintiff therefor the sum of $160, which sum was the agreed value thereof. The word liquidated, used in this connection, means adjusted, certain orsettled in respect to amount (Abbott's Law Dictionary), which definition is approved in Jones v. Hunt, 74 Texas, 657. In the case of Hargroves v. Cooke, 15 Ga., 332, it is held that a debt is liquidated "whenever the amount is agreed upon by the parties, or fixed by the operation of law."

In the case of Taylor v. Bewley, 93 Texas, 524, our Supreme Court held upon certified question that if the petition sought to recover the market value of the goods, the claim would be unliquidated, and defendant's claim being also unliquidated, it could be plead in offset, but if an agreed price was sought to be recovered the claim would be liquidated, and defendant's claim being for unliquidated damages, could not be set off against it. Also see same case, 23 Texas Civ. App., 509.

Appellant seems by the allegations of its petition in this case to have brought itself within the rule of law as announced in Taylor v. Bewley, supra, and therefore, we conclude that its cause of action was upon a certain or liquidated demand, as shown by the allegations of its petition; and defendant's plea in setoff having undertaken to set up a claim for unliquidated damages, arising from alleged breach of warranty, which the law does not permit to be setoff as against a certain demand, unless the same was founded upon a claim arising out of, incident to, or connected with plaintiff's cause of action (which does not appear to be the case here), we are of the opinion that the trial court erred in refusing to sustain plaintiff's exceptions to said plea, and in giving judgment to defendant thereon. (Arts. 649 and 650, Sayles' Rev. Civ. Stat.; Taylor v. Bewley, 93 Texas, 524; same case, 23 Texas Civ. App., 509; Howard v. Randolph, 73 Texas, 454; Riddle v. McKinney, 67 Texas, 29; Carothers v. Thorp, 21 Texas, 362.)

Before passing from this subject the writer desires to say that, in his opinion, appellee by his written admission under Rule 31, prescribed for trials in District and County Courts, was precluded from raising the issue as to whether or not appellant's cause of action was liquidated, and must be held to have admitted thereby that plaintiff's suit was founded upon a liquidated demand. Said rule reads that "plaintiff shall have the right to open and conclude, both in adducing his evidence and in the argument, unless the burden of

proof of the whole case under the pleadings rests upon the defendant, or unless the defendant, or all of the defendants, if there should be more than one, shall, after the issues of fact are settled and before the trial commences, admit that the plaintiff has a good cause of action as set forth in the petition, except so far as it may be defeated, in whole or in part, by the facts of the answer constituting a good defense which may be established on the trial, which admission shall be entered of record, when the defendant or defendants, if more than one, shall have the right to open and conclude in adducing the evidence and in the argument of the case." Defendant having filed his written admission, as prescribed by said rule, must be held in the writer's judgment concluded by his admission *that plaintiff has a good cause of action as set forth in its petition,* because in said admission he necessarily acknowledged the truth of every allegation in plaintiff's petition and it was therein distinctly alleged that the plaintiff delivered said tire setter to the defendant, for which the defendant *agreed and promised to pay to plaintiff the sum of* $160; *that said sum was the agreed value of said tire setter,* etc. For this reason, in his opinion, as well as for those heretofore stated, the judgment of the trial court overruling appellant's exceptions to defendant's plea of setoff was erroneous.

Without intending to intimate any opinion upon the facts adduced in support of defendant's plea of setoff, we do not wish to be understood by this ruling as in any way prejudicing his right to bring a separate and distinct suit, if he should see proper so to do, upon his alleged cause of action against appellant, as set forth in said plea of setoff.

Appellant by its sixth assignment of error complains of the action of the trial court in permitting the defendant Shields to testify that at the time he bought the first machine the agent told him that the company would furnish a new machine in lieu of same if it did not perform as represented. If there was error in the admission of said testimony it becomes immaterial, because it appears from the explanation of the court to appellee's bill of exception to the introduction of said evidence that said testimony was not considered by the court for any purpose in arriving at its decision and judgment in this case; and it further appears that the judgment of the court was not based upon nor affected by the introduction of said testimony, but was rendered for defendant only upon his plea of setoff. It is therefore harmless error, in any event, and we overrule said assignment.

It is urged, however, by appellee that the trial court erred in finding against him on his second count in his original answer, alleging that the said second machine was given and delivered to defendant by plaintiff in lieu of and to make good the warranty on the first machine. We do not think there was any error in the action of the court below in failing to sustain appellee's contention in this respect, because it appears from the evidence that the first machine was bought early in 1904, some eighteen months prior to the purchase of the second machine, and that, while there had been some correspondence between the parties relative to the first ma-

chine's being unsatisfactory, still the appellee paid the purchase price thereof long before ordering the second, and it does not appear anywhere in the record that he insisted upon appellant's furnishing another machine in lieu of the first.  On the contrary, it is shown from his own testimony that he did not inform appellant that the first machine was worthless and that he had cast it aside at the time he made the order for the second.  In the order for the second machine no reference or mention is made of the fact that it was desired in lieu of the first machine, but the order is for the latest improved and heaviest tire shrinker.  Besides this, the evidence shows that the second machine was a larger and better machine, and the price of the same was different from and more than the first.  Therefore we conclude that appellant, in forwarding the second machine, did not intend to send the same in lieu of the first, nor did appellee order same, expecting it to be sent, but, on the contrary, we think it was sent in direct response to appellee's order therefor, with the expectation on the part of appellant that the same should be paid for by him, without any knowledge that appellee intended that the same should be held by him in lieu of the first machine; and we do not think the court below erred in holding that the evidence did not support appellee's contention upon this phase of the case.

Being of the opinion, as heretofore indicated, that the trial court erred in overruling appellant's exception to defendant's plea of setoff, we therefore conclude that the judgment of the trial court should be reversed and rendered for appellant, and it is so ordered.

*Reversed and rendered.*