## AJAX–GRIEB RUBBER CO. v. BYARS & THOMPSON.

(Court of Civil Appeals of Texas. Amarillo. Feb. 8, 1913.)

1. SET-OFF AND COUNTERCLAIM (§ ·35*)—ACTION ON LIQUIDATED DEMAND — UNLIQUIDATED COUNTERCLAIM—SALES.

Where plaintiff sued on a liquidated demand for the price of goods sold, defendant could not set off unliquidated damages for breach of warranty of certain automobile casings purchased from plaintiff and not replaced according to contract, but might set off a claim for breach of plaintiff's agreement to exchange new casings for old if made as part of the same transaction in which defendant purchased the goods sued for and part of the inducement for such purchase, in which case the counterclaim would be available under Rev. St. 1911, art. 1330, permitting defendant to plead and set off a counterclaim, founded on a cause of action arising out of or incident to or connected with plaintiff's cause of action.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 58–64; Dec. Dig. § 35.*]

2. SET-OFF AND COUNTERCLAIM (§ 29*) — CLAIMS AVAILABLE—SAME TRANSACTION.

Defendant having incurred damages in the sum of $455 in making good to purchasers automobile casings, purchased from plaintiff which had not complied with plaintiff's warranty, refused to purchase more goods from plaintiff unless plaintiff would replace 13 casings that defendants had been compelled to take back with 13 new ones. Defendants' agent having agreed to do this, defendants gave an order for the goods sued for, but, on their arrival without the new casings, defendants refused to accept the goods and did not accept them until assured that the new casings would be sent. *Held*, that defendants' claim for the new casings was connected with and grew out of the sale of goods to the defendants, and hence was available as a counterclaim under Rev. St. 1911, art. 1330, providing that claims arising out of or incident to or connected with the plaintiff's cause of action are available.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. § 29.*]

3. SALES (§ 418*)—CONTRACT—BREACH—MEASURE OF DAMAGES.

Where plaintiff, in order to obtain defendants' order for certain goods, sued for, agreed to replace certain automobile tire casings which defendants claimed had not complied with plaintiff's warranty, but which they failed to do, defendants' measure of damages therefor was the value of the new casings at the time and place they should have been delivered, and not the amount defendants expended in replacing the tires guaranteed to their customers.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1174–1201; Dec. Dig. § 418.*]

Appeal from Potter County Court; W. M. Jeter, Judge.

Action by the Ajax-Grieb Rubber Company against Byars & Thompson. Judgment in favor of defendants on a counterclaim, and plaintiff appeals. Reversed and remanded.

Veale & Davidson, of Amarillo, for appellant. Reeder & Dooley, of Amarillo, for appellees.

HUFF, C. J. This was an action by appellant, Ajax-Grieb Rubber Company, brought in the county court of Potter county, against Byars & Thompson, appellees, on an account for the sum of $367.61, the items of which are for certain automobile supplies, including ten nonskid tire casings. It is alleged in the petition that the price for the several items was agreed upon between the parties. The appellees alleged, in substance, that appellant furnished casings or tires for the Maxwell automobile, which appellees were handling, and that it guaranteed such tires under certain stipulations, set out in the pleadings by exhibit, to the ultimate purchaser; that some 26 of the casings so furnished by appellant on cars handled by appellees were worthless; and that appellees took up such casings and replaced them with new ones to their customers; under their guaranty to such purchasers that they would make good the appellant's guaranty. After taking up the casings, they notified appellant to come down and look into the matter and adjust the expense. In pursuance to such notice, appellant, on January 19, 1910, did send an agent from their Denver office, who examined the 26 tires and picked out 13 as being worthless and which appellant agreed with appellees should be replaced with new smooth tires, or casings, and as part of such agreement, and incident thereto, it was agreed that appellees should order the bill herein sued on by appellant. Appellees were to pack and ship to appellant the old casings and to pay the expense therefor, which they did. The new, smooth casings were to be shipped with the bill of goods so ordered. Appellant shipped the bill of goods and sent appellees a bill of the shipment, which, upon being examined, it was found appellant had not shipped new, smooth casings, as it had agreed to do, in place of the 13 old tires returned to appellant, but had put in 9 old tires, which appellees had forwarded under the adjustment agreement. The old tires so received were vulcanized or patched. When the goods arrived, appellees refused to take them out

of the transportation company's possession or to receive the goods, because the 9 old tires were in the shipment instead of 13 new ones, as agreed upon. Thereafter, on March 20, 1910, appellant sent its agent to Amarillo, who took the goods out of the hands of the transportation company, opened them up, got out the old casings, which were worthless, and then promised appellees if they would take the other goods billed that appellant would ship the 13 new, smooth tire casings in place of the 13 old tires, as appellant, through its agent, had theretofore agreed to do, on January 19, 1910, and, upon such promise so made, appellees took the goods so billed, except the 9 old tires therein. They allege that appellant has not shipped or sent to the appellees the 13 new tires as it had agreed to do and that appellees were entitled to a credit and charge against appellant for the value of said 13 tires, which they allege to be $455. Appellees further allege that by the contract of January 19, 1910, they ordered from appellant 10 nonskid casings, to be shipped out with said bill, which appellant guaranteed and warranted that each of said nonskid casings would run 500 miles without bursting or blowing out, and would run 5,000 miles without wearing out, and that it specifically agreed, if any of the nonskid casings blew out at a use of under 500 miles, that the price charged and agreed to be paid for said casings so blown out, and that each of them should be credited back by the appellant to appellees and appellees were authorized by appellant to make adjustment and replace all such casings as blew out under 500 miles. Appellees allege under this guaranty that 6 nonskid casings blew out under 500 miles, which they replaced, and ask for their value. The appellees also allege that appellant requested and authorized appellees to replace to one Charles Mayer, out of the 10 nonskid casings, 2 of the same, which appellees did, and for which appellant agreed to allow appellees a credit for the casings so furnished. The value of the 8 nonskid casings so replaced and furnished Mayer is alleged to be in the aggregate $273.38. The case was tried before a jury, which resulted in a verdict and judgment in favor of the appellees for the sum of $360.70.

[1] The appellant's cause is based upon a liquidated demand. The appellees' cause, as set out in the cross-bill, is upon an unliquidated claim. The appellees do not allege an agreed price for the 13 casings which is alleged were to be furnished in place of the old taken up by appellant. The item for $455, the value of the 13 casings, is therefore assailed by appellant as not being one which could properly be set up as a counterclaim against its liquidated demand. The appellant's contention is correct on this point and is sustained in Taylor v. Bewley, 93 Tex. 524, 56 S. W. 746; Id., 23 Tex. Civ. App. 509, 56 S. W. 937, and authorities cited; Brooks Tire Machine Co. v. Shields, 48 Tex. Civ. App. 531,

108 S. W. 1005. And unless the allegation in appellees' cross-bill brings it under article 1330, Rev. Stat. 1911, permitting a defendant to plead and set off in counterclaim, founded on a cause of action arising out of or incident to or connected with the plaintiff's cause of action, the exceptions to appellees' cross-action as to the item of $455 should be sustained.

If the claim for the 13 new casings, in the place of the 13 old casings, taken up by appellant, was in settlement and adjustment of any liability or undertaking of appellant by its written guaranty, which it attached to each casing on the Maxwell cars handled by appellees, and this was the consideration for the agreement to furnish the 13 new casings, then this was upon an independent contract, not incident to, growing out of, or connected with, the purchase of the goods sued for by appellant, and the exception should have been sustained. Brooks Tire Machine Co. v. Shields, 48 Tex. Civ. App. 531, 108 S. W. 1005.

[2] The allegations, however, show that appellees agreed to order the goods sued for if appellant would replace the old with new casings, and that appellant agreed to so furnish the casings if appellees would make the order. This is emphasized by the allegation that appellees refused to accept the goods upon their arrival because the 13 new casings were not in the shipment of the goods, and therefore did not take them until appellant, on the 20th of March, opened up the goods and again promised if appellees would accept the goods it would ship the new casings, which it had theretofore agreed to do. If this was the agreement and understanding, the claim for the value of the 13 casings was incident to, connected with, and grew out of, the sale of the goods to appellees for the price of which appellant sues. Beckham v. Hunter, 37 Tex. 551; Deutschman v. Battaile, 36 S. W. 489; Goodhue v. Meyers, 58 Tex. 405; Hansen v. Yturia, 48 S. W. 795; Tyson v. Jackson, 41 Tex. Civ. App. 128, 90 S. W. 930; McDonnell & Co. v. Home Bitters Co., 1 White & W. Civ. Cas. Ct. App. § 1160. The cases cited illustrate the rule in which it is said the offset pleaded is incident to, arises out of, or is connected with, the plaintiff's cause of action. Without discussing the written guaranty given by appellant with the casings furnished, it will be sufficient to state that both parties seem to agree that the conditions required thereby, in order to fix liability upon appellant, had not been complied with. It appears to us that the purpose of appellees, as alleged by them, in ordering the goods, was to secure in part the loss they had sustained by themselves giving their personal guaranty to their customers, by having appellant agree to replace 13 old with new casings, and that appellant, in order to get the order, entered into the agreement. In fact, the promise to furnish the casings was the consideration

for the order of the goods, for the price of which appellant sues.

We have concluded that the case must be reversed because of the error of the court in his charge to the jury. The charge authorized the jury to find for appellees for the item of $455, if they found that appellant agreed to furnish the 13 new tires in adjustment of its liability upon the written guaranty, given by appellant, with the casings furnished for appellees' cars. As will be seen from what we have said above, this was an independent contract, not incident to appellant's cause and could not be pleaded as an offset in this action. If the jury so found, they could not allow appellees the item for $455, which they did, as evidenced by the amount of their verdict.

[3] Under our view, the jury should have been instructed that if appellees agreed to purchase the goods, for the price of which appellant sues, and that they ordered same upon the promise by appellant to furnish the 13 new casings, and that such promise was the inducement that procured the appellees to give the order, and if appellant failed or refused to comply with its agreement, then it should allow appellees the value of the casings. But, if they find that it was only the adjustment of appellant's liability under the written guaranty, then they should not allow as an offset the value of the casings. We also think the charge erroneous in instructing the jury to find "for the defendant on their cross-action in such sum as damages as you believe from the evidence they are entitled to, not to exceed the amount prayed for." The court should have told the jury what the measure of appellees' damage was. In this case it would have been the value of the casings at the time and place they should have been delivered. This charge became important, also, in the light of the testimony of Byars & Thompson, of which complaint is made by the eighth assignment, to the effect that they expended $455 or more in replacing the tires guaranteed to their customers. The jury, under the charge, could have found the sum so advanced appellees as the damages which they should allow. This they could not do under the breach of the contract as alleged, and upon which appellees relied.

The testimony of Thompson that Mr. Packard, an agent of appellant, authorized appellees to make replacement of defective tires, as set out in assignment No. 5, was not admissible under the pleadings, and appellant's objection should have been sustained. We think the court should have charged the law applicable to the facts and contract with reference to the item of $455, separate from the charge with reference to the item of $273.38, for eight nonskid casings. The rules applicable to the two items are not the same, and they should not be interwoven in the same paragraph of the charge; the jury were liable to be confused thereby.

We will say, before closing this opinion, that it would appear from an examination of appellees' cross-petition that they really sought a recovery for the $455 items on two theories; one under the written guaranty, and the other on a promise to furnish new casings, as the consideration for the order for the goods. The exception should be sustained as to the first and overruled as to the second. The pleadings should be framed so that the jury will not be confused as to the true issue in the case. The assignment as to the sufficiency of the evidence is overruled. We think the testimony raised the issue as to the new casings being furnished as an incident of the order given. Without discussing all of the assignments urged, we have tried to indicate the theory upon which the case should be tried.

For the errors pointed out, the case is reversed and remanded.