AVENT v. ORMAND.  (No. 5349.)

(Court of Civil Appeals of Texas. Austin. June 10, 1914. Rehearing Denied Nov. 18, 1914.)

SET-OFF AND COUNTERCLAIM ☞29—"COUNTERCLAIM"—UNLIQUIDATED DEMAND—SAME TRANSACTION.

Rev. St. 1911, art. 1329, provides that, if plaintiff's cause of action be a claim for unliquidated or uncertain damages founded on tort or breach of covenant, defendant shall not set off any debt due him by plaintiff, and, if suit is founded on a certain demand, defendant shall not be permitted to set off unliquidated or uncertain damages founded on tort or breach of covenant on the part of plaintiff. Article 1330 declares that nothing in the preceding article shall be so construed as to prohibit the defendant from pleading in set-off any counterclaim founded on a cause of action arising out of or incident to or connected with plaintiff's cause of

action. *Held* that, where defendant purchased real property from plaintiff on September 9, 1911, which was conveyed to him on that date, and on October 21st following defendant purchased certain personal property from plaintiff, for which he executed notes on which plaintiff subsequently sued, a breach of plaintiff's covenant of warranty, consisting of his failure to deliver possession of a part of the land, did not arise out of the same transaction as the notes for the personal property, nor was it connected with plaintiff's cause. of action on the notes, and hence defendant's claim for unliquidated damages for breach of such covenant was unavailable as a counterclaim against the notes (citing Words and Phrases, vol. 2, pp. 1645, 1646).

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49-51; Dec. Dig. ⊛=29.]

Appeal from Hamilton County Court; J. L. Lewis, Judge.

Action by G. W. Avent against J. W. Ormand. From a judgment in favor of defendant on a counterclaim, plaintiff appeals. Reversed and rendered.

Langford & Chesley, of Hamilton, for appellant. Eidson & Eidson, of Hamilton, for appellee.

RICE, J. Appellant brought this suit against appellee to enforce the collection of two notes, of date October 21, 1911, the first for $167.50, due January 1, 1912, and the other for the sum of $85, due the 1st of January, 1913, with interest and attorney's fees, both of which were given in payment for certain personal property sold by appellant to appellee on said 21st of October, 1911, and, with the exception of $58.82 paid on the larger note on the 1st of February, 1912, both were past due and unpaid at the time suit was filed.

Appellee admitted appellant's cause of action as under rule 31, except as the same might. be defeated in whole or in part by the facts stated in his answer, and pleaded in counterclaim that on the 9th of September, 1911, he had purchased from appellant a certain tract of land, situated in Hamilton county, containing in the aggregate about 536 acres, composed of several tracts, which had been on said date conveyed to him by appellant by general warranty deed; that at the time of said conveyance one Appleby was in possession of 70 acres thereof, and so continued in possession during the entire year 1912, whereby he was deprived of the use thereof, by reason of which he was damaged in the aggregate sum of $1,250; further alleging that, as a part of the same transaction, he purchased certain personal property from appellant, and executed the note sued on for the purchase price thereof, and that said personal property would not have been purchased had not defendant purchased said real estate, and said notes would not have been executed had not said defendant purchased said real estate; that his counterclaim, as above set out, is incident to and

connected with plaintiff's cause of action, and both claims and demand involved in this suit arose out of the same transaction.

Appellant filed a general and several special exceptions to said counterclaim, all of which were overruled by the court. A jury trial resulted in a verdict and judgment in behalf of appellee on his counterclaim in the sum of $622, from which the court deducted the amount due plaintiff on the notes, leaving a balance of $251.14, for which judgment was rendered for appellee, from which appellant prosecutes this appeal, assigning numerous errors, only one of which needs to be considered, and is to the effect that the court erred in not sustaining plaintiff's first special exception to defendant's answer and cross-action, for the reason that plaintiff's. cause of action was founded on a certain demand, and against which it was not permissible, under our statute, to plead unliquidated or uncertain damages founded on a. tort or breach of covenant on the part of plaintiff, unless the same was founded on a cause of action arising out of, or incident to, or connected with, the plaintiff's cause of action.

We think this exception was well taken, and should have been sustained, because it appears from the pleadings that the notes sued on were executed on the 21st of October, 1911, and that appellee's counterclaim arose out of an entirely different transaction—to wit, the conveyance of the land to him—which was completed on the 11th of September, prior thereto. It is true, as above stated, that appellee did allege that, as a part of the same transaction, he purchased the personal property from plaintiff for which the notes were executed, and that he would not have purchased the same had he not purchased the real estate, and said notes would not have been executed had he not purchased said real estate. He also alleged that the claim sued on herein by him was incident to, and connected with, the plaintiff's cause of action, and that both his and plaintiff's demand arose out of the same transaction; but these were mere conclusions on the part of the pleader, and the facts alleged by him show the contrary, and no facts were set out showing that the two transactions were the same, or that they were incident to or connected with each other.

It is provided by article 1329, R. S. 1911, that, if the plaintiff's cause of action be a claim for unliquidated or uncertain damages founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff, and, if the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff. It is also provided in the succeeding article (1330, Id.):

⊛=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Nothing in the preceding article shall be so construed as to prohibit the defendant from pleading in set-off any counterclaim founded on a cause of action arising out of or incident to, or connected with the plaintiff's cause of action."

In the present case the plaintiff's cause of action was founded on a certain demand. Hence the defendant could not set off his unliquidated claim for damages founded on a breach of covenant, unless it appeared that said counterclaim was founded on a cause of action arising out of, incident to, or connected with, the plaintiff's cause of action, which was not shown; but, on the contrary, the record discloses that there were two separate and distinct transactions, for which reason the one could not be set off as against the other. See Brooks Tire Machine Co. v. Shields, 48 Tex. Civ. App. 531, 108 S. W. 1005; Pittman v. Keith (Civ. App.) 24 S. W. 88; Carothers v. Thorp, 21 Tex. 358; Words and Phrases, vol. 2, pp. 1645, 1646; 34 Cyc. 678, wherein it is said:

"But defendant cannot recoup for matters not connected with the basis of plaintiff's claim, and which are founded upon an independent and distinct contract or transaction."

Believing that the court erred in overruling appellant's said exception to appellee's counterclaim, and as a review of the evidence shows that the transaction upon which appellee bases his counterclaim was entirely separate and distinct, and in no way incident to or connected with the transaction upon which plaintiff's cause of action is founded, it becomes our duty to reverse and render the case in favor of appellant for the amount of said notes, together with interest and attorney's fees, without prejudice, however, to any right appellee may have to bring another suit for damages arising out of the alleged breach of contract on the part of appellant; and it is so ordered.

Reversed and rendered.