WESTERN LUMBER CO. v. CHICAGO, R. I. & G. RY. CO. (No. 855.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 27, 1915.)

1. JUDGMENT ⊂⊃126 — BY DEFAULT — PROPRIETY—STATUTES—"LIQUIDATED."

R. St. art. 1938, provides that, if the cause of action is liquidated and proved by an instrument in writing, judgment by default may be rendered, damages assessed by the court or under its direction, and final judgment rendered. Article 1939 provides that, if the cause of action is unliquidated or not proven by instrument in writing, the court must hear the evidence. A railroad sued a lumber company to recover freight charges. R. St. art. 6659, requires a receipt or bill of lading to .be issued by the carrier to the shipper in writing, and provides that railroad tariffs shall be fixed by the Railroad Commission, and notice thereof be given as to various classes of freight. Article 6656 makes such classification of freight conclusive between railroad and shipper. The petition of the railroad alleged a contract of shipment, and that the freight charges were legally charged and fixed. *Held*, that the road's cause of action was for a certain or "liquidated" demand, which is .one agreed upon by the parties or fixed by operation of law, and that a default judgment could be entered thereon without the court's taking proof.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 223, 224, 228–230; Dec. Dig. ⊂⊃126.

For other definitions, see Words and Phrases, First and Second Series, Liquidated Damages.]

2. JUDGMENT ⊂⊃106—BY DEFAULT.

Where a lumber company sued by a railroad for freight charges delayed answering for nearly a year, although its attorney was in court several times securing continuances, entry of default judgment for the road was proper on account of defendant's negligence.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 162, 180–197; Dec. Dig. ⊂⊃ 106.]

3. JUDGMENT ⊂⊃106—BY DEFAULT—DEFENSE.

Where defendant, objecting to the entry of default judgment against it, did not show, at the time of its request for the day to file answer, that it had a meritorious defense to plaintiff's cause of action, entry of the default was proper.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 162, 180–197; Dec. Dig. ⊂⊃ 106.]

4. JUDGMENT ⊂⊃151—BY DEFAULT—MOTION TO SET ASIDE.

Where defendant's motion to set aside a default judgment failed to show that it was not negligent in failing to present and file an answer, and failed to show that it had a meritorious defense to plaintiff's cause of action, or that the result would probably be different if the default judgment should be set aside, its denial was proper, the judgment not being void on the face of the record, since only where the record on its face shows that the judgment is void is it unnecessary to show diligence and a meritorious defense in support of motion to vacate.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 296–298, 727, 730; Dec. Dig. ⊂⊃ 151.]   .

Appeal from Gray County Court; Siler Faulkner, Judge.

Action by the Chicago, Rock Island & Gulf Railway Company against the Western Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

S. E. Boyett, of McLean, for appellant. N. H. Lassiter, of Ft. Worth, and C. E. Gustavus, of Amarillo, for appellee.

HUFF, C. J. The appellee railway company brought suit against the appellant lumber company, alleging that it was a common carrier of freight, intra and inter state shipments, and that as such it entered into contracts of shipment with the appellant, for one carload of lime and cement, setting out therein the carload weight, at 21 cents per 100 pounds on the lime, or $2.10, which was the proper legal freight charges according to the tariff regulating the freight; that the full amount of the charges was $52.10, and that there was a payment of $16.80, leaving a balance on that car of $35.30, and the second shipment was two cars of melons, the minimum weight being 20,000 pounds, at the rate of 22 cents per hundred, making the proper legal freight charges $44 on each car; that these two cars were consigned to Blackman at Houston, who refused to accept them, and that there was demurrage of $12 on each car, and that there was $3.75 for advertising, which was necessary charges, aggregating on the two cars $119.14 freight and demurrage; these melons, it is alleged, were

condemned by the city health officers of Houston and required to be dumped as worthless; a shipment of a car of melons for the defendant from McLean to New Orleans, the minimum weight of which was 24,000 pounds, at the rate of 29 cents per hundredweight; that the actual weight of the car was 26,140 pounds, and that the proper legal charges therefor was $75.81; that these melons were not received by the consignee, and were sold after giving proper notice. There was demurrage of $4 and $10 for advertising the sale of the melons, and commission to the auctioneer of $2.62, making an aggregate of $92.63, less the amount realized on the sale, $25, leaving a balance of $67.63. There was a shipment of a car of lumber from Waterman, Tex., to Vega, Tex., the car weighing 52,400 pounds, and the legal tariff freight charges was 22½ cents per hundredweight, amounting to $117.90, and also a car from McLean to Bennonine, Tex. The total legal freight charges thereon was the sum of $27, of which the defendant paid $19.20, leaving a balance due of $7.80. It is also alleged for the purpose of further guaranteeing the shipments of melons that the appellant gave the following:

"We hereby guarantee all freight charges on all shipments of melons made by us from your station."

The total amount sued for, as set out in the petition, is $345.67. The judgment rendered is for the sum of $267.05, the judgment specifying the items for which it was rendered, showing that each item is for the freight charges sued for; the first item being $35.30, with interest thereon, $6.05; the second, $119, with interest, $16.11; the third, $67.63, with interest thereon, $9.47; the fourth $7.80, with interest thereon, 55 cents. These several freight charges are shown by the allegations in the petition to have been on the waybill accompanying the shipment, and under a contract of shipment and under the tariff regulating freight charges. The judgment is only for the freight charges, and not for the demurrage or other expenses set out in the petition.

The petition is shown to be drawn under the statutes. Acts 33d Leg. c. 127 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 1827–1829 1902, 1829a, 1829b). There was no answer filed and judgment was taken by default. After the judgment was taken appellant filed a motion for new trial, setting up the judgment should be set aside: (1) Because the same was rendered without proof; (2) because it was contrary to law; and (3) because appellant was in court by attorney asking to be allowed to file an answer before any judgment was given and because appellant, under the law, was entitled to the right to file its answer at any time before default judgment was announced. The judgment was rendered February 15, 1915. The suit was originally instituted March 4, 1914. The bill of exceptions in this case shows that the cause was called for trial, and that appellee railway in the court below asked for judgment by default. The attorney for appellant was present in court and objected to default judgment being taken. It is shown that the cause was continued at the May term of court in 1914, by agreement; neither side at that time being ready. At the August term, A. D., 1914, the cause was again continued by agreement. The defendant's manager at that time being absent on a vacation, its attorney, not then having information upon which to file an answer, agreed to file an answer in vacation and have the cause ready for trial at the November term, A. D., 1914. At the November term the cause was again continued by agreement on account of defendant's attorney being unable at that time to prepare an answer. Plaintiff's attorney at that time insisted upon an answer being filed, and insisted that the cause should be ready for trial at the February term, 1915. When the case was called for trial, the plaintiff asked for a judgment by default, which was granted over the objection of the attorney then present, who stated that the manager of appellant was still sick or had been sick, and that the attorney would be unable to go to trial, but would have to continue the cause until the next term. The trial court, after hearing the various statements of counsel, overruled the application of appellant to be permitted the day to file the answer. The attorney had not filed the answer previous thereto, for the reason, as stated by him, that he had been unable to get the necessary information from appellant company until the day previous. He did not at that time state what his defense was or offer to do so, or represent that he had a good defense to the plaintiff's cause of action. There was no evidence introduced in the trial court to prove up the items alleged by appellant.

[1] Article 1902, Vernon's Sayles' Civil Statutes, it appears, will not authorize a final judgment upon default upon an unliquidated demand. This is the holding of the Court of Civil Appeals for the First District in Dancy v. Rosenberg, 174 S. W. 831. It is held therein that this article does not repeal article 1939, R. C. S. Article 1938 provides that "if the cause of action is liquidated and proved by an instrument in writing," judgment by default may be rendered and the damages assessed by the court, or under its direction, and judgment final rendered therefor. Under article 1939, if the cause is unliquidated or not proven by an instrument in writing, the court must hear the evidence. Dancy v. Rosenberg, supra, appears to have been a suit to recover the reasonable value of services performed. The court in that case held the amount sought to be recovered was unliquidated and evidence should have been heard. The amount sued for in that case was not agreed upon and not an ascertained sum. This necessarily required proof

to show the reasonable value of the services. The law of this state requires a receipt or bill of lading to be issued by the carrier to the shipper in writing; and it further provides that railroad tariff charges be fixed by the Railroad Commission and public notice thereof given on the various classes of freight. Article 6659, R. C. S. This classification of freight as fixed is conclusive between the railroad and the shipper. Article 6656; Railroad Commission v. Weld, 95 Tex. 278, 66 S. W. 1096. If the freight charges on the several shipments can be classified as liquidated, then the pleadings will authorize the judgment. Under authorities above cited, demurrage and other reasonable expenses under the rule of liquidated demand would not be such as would support a judgment final on default without evidence. Rawles' 3d Ed. Bouvier:

"Liquidated Account. One the amount of which is agreed upon by the parties, or fixed by operation of law"—citing Hargroves v. Cooke, 15 Ga. 321; Bull v. Bull, 43 Conn. 469.

"Liquidated Debt. A debt is such when it is certain what is due and how much is due"—citing Roberts v. Prior, 20 Ga. 561.

"Liquidated Demand. A demand, the amount of which has been ascertained or settled by agreement of the parties or otherwise"—citing Mitchell v. Anddison, 20 Ga. 53.

The definition of liquidated demand as above given is recognized in Commercial Union Assurance Co. v. Meyer, 9 Tex. Civ. App. 7, 29 S. W. 97, with reference to insurance policies. It is said therein:

"In this case the amount due has been liquidated or fixed by operation of law."

The following authorities recognize the above definition of "liquidated": Brooks Tire, etc. v. Shields, 48 Tex. Civ. App. 531, 108 S. W. 1006; Jones v. Hunt, 74 Tex. 657, 12 S. W. 832; Shaw v. Faires, 165 S. W. 502; Ajax v. Byars, 153 S. W. 922. The petition in this case alleges a contract of shipment and alleges that the freight charges therein were legal charges and fixed. The amount which the appellee was entitled to recover, as shown by his pleading, was not uncertain or unliquidated. The freight rate was fixed by law, and the exact amount could be precisely ascertained from the contract. Freight rates are fixed in this state by the commission, and such rates so fixed are held conclusive. The weight of each car is given, and the rate per hundred on the class of freight there shipped in each car. This was fixed by the contract of the parties, according to the allegations, and the amount of the freight could thereby be rendered certain. The suit for freight was therefore upon a liquidated demand, and we believe the court properly rendered judgment for such freight charges, which action may be sustained either on the ground that the amount due was fixed by agreement or by law.

[2-4] This case, however, we believe should be affirmed on the ground that this record shows that the appellant was negligent in not preparing and filing its answer in this case before the case was called for trial, and, further, it did not show at the time of the request that it had a meritorious defense to plaintiff's cause of action; and the motion to set aside the judgment in this case also fails to show that it was not negligent in failing to present and file its answer, and, further, it fails to show that it had a meritorious defense to plaintiff's cause of action, or, if the judgment should be set aside, that the result would probably be different. This motion was not sworn to or supported by affidavit. Holliday v. Holliday, 72 Tex. 581, 10 S. W. 690; Gillaspie v. City of Huntsville, 151 S. W. 1114; Foster v. Martin, 20 Tex. 119; Dowell v. Winters, 20 Tex. 793; Cook v. Phillips, 18 Tex. 31; Watson v. Newsham, 17 Tex. 437; Insurance Co. v. Lipscomb, 27 S. W. 307; Barlett v. Jones, 103 S. W. 705; Contreras v. Haynes, 61 Tex. 103; Montgomery v. Carlton, 56 Tex. 433.

The rule with reference to motions for new trial and to set aside judgments by default appears to be the same as a bill in equity to set aside the judgment with reference to showing negligence and a meritorious defense. Where the record on its face shows the judgment is void, it is not necessary to show diligence and a meritorious defense, but, if not void on its face, then it is necessary to plead such facts. In the case of August Kern, etc., v. Freeze, 96 Tex. 513, 74 S. W. 303, Judge Williams, speaking for the Supreme Court, discussed the distinction in the two classes of cases. In Sharp v. Schmidt, 62 Tex. 263, it is said:

"It has always been the rule that, when a judgment is sought to be reopened for any cause in order to permit a defense to be made which the defendant was prevented from proving upon the trial in which the judgment was obtained, the nature of the defense must be shown to the court."

We find no error in the action of the trial court, and the case will be affirmed.