## MOORE v. JOSEPH.
### No. 7612.

Court of Civil Appeals of Texas. Austin.
June 10, 1931.

Barnes & Pierson and George Mendell, all of Austin, for appellant.

Cofer & Cofer, of Austin, for appellee.

McCLENDON, C. J.

Suit by Moore, in his representative capacity as trustee in bankruptcy of Topper-Knewbow Company, Limited, a corporation, and voluntary bankrupt, against Joseph, upon a verified account for merchandise bought by Joseph of the bankrupt. In addition to a general denial, and a special verified plea setting up a credit, Joseph pleaded a counterclaim for breach of a contract on the part of the bankrupt to deliver merchandise under an accepted order. In a trial to the court without a jury, the claim sued upon was established for $308.01, and the counterclaim for $380.75, the offset was allowed, and the net balance in favor of Joseph was established at $72.74. From this judgment Moore has appealed.

Appellant's first proposition questions the judgment in so far as it allows the excess over appellant's claim. The particular ground of error is not set forth further than may be inferred from copying section 68a of the Bankruptcy Act (11 USCA § 108(a) in the proposition. From the authorities cited and argument in support of the proposition we gather the point urged to be that to allow the offset would in effect be granting a preference to one creditor over others, in contravention of the general purpose of the bankruptcy act "to secure equality among all creditors of the same class." This point would be well taken but for the fact that the quoted provision of the act expressly allows offsets of mutual debits and credits. There can be no question of mutuality in the instant case. The claims are between the same parties and in the same right.

Appellant's second proposition asserts that the counterclaim is barred because not proved up in the bankruptcy proceeding within six months after the adjudication as provided by section 57n of the Bankruptcy Act, 11 USCA § 93(n). The authorities seem to be uniform in holding that the right of offset given by the act may be asserted in a suit by the trustee, regardless of whether the claim was filed in the bankruptcy proceeding within the required time. See Remington on Bankruptcy (3d) vol. 4, p. 174, § 1460, and authorities there cited.

Appellant's third proposition complains of the action of the trial court in overruling a special exception which urged that the counterclaim was unliquidated and could not be offset against appellant's liquidated claim.

Appellant's petition was sufficient to sustain an action upon either an agreed price for the merchandise or upon a quantum valebat. In one count he alleged that, "Defendant then and there promised * * * to pay * * * the said several sums of money charged therefor in said account." And in another, "That at the time of the sale and delivery * * * said goods, wares and merchandise were reasonably worth the said sums of money charged therefor in said account

specified." Under the latter allegation appellant's suit was based upon an unliquidated claim, and the offset was allowable. Taylor v. Bewley, 93 Tex. 524, 56 S. W. 746, is directly in point.

The trial court's judgment is affirmed.

Affirmed.