**BLADES v. SCHMIDT et al.**

**No. 3221.**

Court of Civil Appeals of Texas. Beaumont.

Nov. 5, 1937.

Hoyet A. Armstrong and Wm. A. Blakley, both of Dallas, and Dorbandt & Dorbandt, of Tyler, for plaintiff in error.

Seale & Thompson, of Nacogdoches, and Will C. Thompson, of Dallas, for defendants in error.

O'QUINN, Justice.

This is a suit by J. R. Blades, trustee of the bankrupt estate of Mayer & Schmidt Department Store, Inc., a Texas corporation, against Elizabeth K. Schmidt, executrix of the estate of John Schmidt, deceased, Elizabeth K. Schmidt individually, H. J. Schmidt, and the Commercial State Bank of Nacogdoches, Tex. The plaintiff sought recovery of $1,000 against Elizabeth K. Schmidt, individually, and a like amount against H. J. Schmidt by reason of an alleged unpaid stock subscription alleging that each of them subscribed to $1,000 worth of stock in said corporation and that the affidavit accompanying the application for a charter recited that said subscriptions had been paid in full in cash, but that neither of said individuals had paid any part of their subscriptions. He further sought to recover against Elizabeth K. Schmidt, executrix, in the sums of $6,962.18, $847.69, $1,129.04, and $740, on the ground, as alleged, that John Schmidt, the principal stockholder in the corporation, had used funds belonging to the corporation in the payment of his personal obligations, which said sums were charged against him on the books of the corporation, and which he had not paid. He sought to recover against H. J. Schmidt the sum of $918.75, on the ground that he had used funds of the corporation in said amount to pay an individual debt and said amount was charged against him on the books of the corporation, and which he had not paid. He sought to recover of Elizabeth K. Schmidt, executrix, and H. J. Schmidt, the sum of $4,357.60 on the ground that H. J. Schmidt had received said sum from the corporation in cash or merchandise which was charged

to him on the books of the corporation, but which he had never paid, unless it was paid by charging the account of John Schmidt with said sum and crediting H. J. Schmidt's account with said amount, but in that event said sum was never paid by John Schmidt, wherefore recovery should be allowed.

He further alleged, quoting from his brief: "Plaintiff alleged in his trial amendment that there were creditors of the estate which he represented to the extent of $15,-503.26 and that from the assets which had come into his hands he had realized a sufficient amount of money to pay two dividends, totaling twenty per cent and that he had on hand the sum of $258.85 but had no assets to dispose of."

Elizabeth K. Schmidt, as executrix and individually, and H. J. Schmidt answered by general demurrer, special exceptions, general denial, and specially that large sums of money belonging to John Schmidt and H. J. Schmidt amounting to substantially $35,000 had come into the possession of the corporation and was commingled with funds of the corporation and was used in its business by it, to which they were entitled to have offset against the claim of plaintiff; and further that if any of the funds for which plaintiff sought to recover was received by them from the corporation, that it was with the knowledge and consent of the directors and stockholders of the corporation, wherefore he was estopped to maintain his suit. They also pleaded payment and ratification.

The defendant Commercial State Bank was dismissed from the suit.

The case was tried to a jury, but, upon the conclusion of the evidence, on motion of defendants, the court instructed a verdict that plaintiff take nothing by his suit. The verdict was so rendered, and judgment accordingly entered. The case is before us on appeal by writ of error.

We shall refer to plaintiff in error as appellant, and to defendants in error as appellees. Appellant's first proposition reads: "A trustee in bankruptcy of a bankrupt corporation succeeds to the rights of such corporation with reference to subscriptions to capital stock of such corporation and is entitled to recover of a subscriber the amount of his subscription where the application for a charter recites that he has become a subscriber to the extent of $1000.00 and the affidavit accompanying such application recites that said amount has been paid in cash and where, as a matter of fact, said amount was not paid in any manner."

This assignment, or proposition, is but the statement of an abstract rule of law, and does not in any way point definitely to error. As such it should not be considered. Appellant submits as his "First Assignment of Error (under first proposition)": "The court erred in instructing a verdict for H. J. Schmidt, and against plaintiff because the evidence showed that H. J. Schmidt subscribed to $1000.00 worth of capital stock of Mayer & Schmidt Department Store, Inc., and executed an affidavit stating that said account had been paid in cash but did not pay said amount in cash at such time nor was it subsequently paid."

If this assignment under the proposition should be considered as aiding the proposition (though it has been held that a proposition under an insufficient assignment does not aid and render good the defective assignment), it should be overruled, we think, because the sworn statement in the application for the charter (which together with the charter were in evidence) that the subscription had been paid in cash was prima facie proof that such payment had been made, and appellant had the burden of proving such payment had not been made, and, there being no such proof, the instructed verdict as relating to the alleged unpaid stock subscription was correct. Furthermore, H. J. Schmidt testified that he and his mother, Elizabeth K. Schmidt, each paid for their stock in cash at the time the corporation was organized and the charter procured. This was not denied by any witness.

What we have said disposes of appellant's assignment relative to the payment for the stock subscribed for by Elizabeth K. Schmidt, the contention of appellant being the same, and the record showing similar facts in each of the assignments.

Appellant's second assignment of error under his second proposition asserts that the court erred in instructing a verdict in favor of appellee, H. J. Schmidt, and against appellant because the evidence shows that cash and merchandise amounting to $4,357.-60, funds of the bankrupt corporation, were received by H. J. Schmidt and charged to him on the books of the corporation, which he had never paid. By his third assignment under his second proposition, appellant complains that the court erred in instructing a verdict for Elizabeth K. Schmidt, executrix of the estate of John Schmidt, deceased, because the evidence shows that cash and merchandise, funds of the bankrupt corporation, were received by John Schmidt and charged to him on the books of the corporation, for which he had never paid.

We shall discuss these assignments together. John Schmidt was the husband of Elizabeth K. Schmidt, and father of H. J. Schmidt. The record reflects that, before the formation of the bankrupt corporation here involved, there existed another concern, Mayer & Schmidt Inc., which had engaged in the mercantile business. It went into bankruptcy about April of 1933. John Schmidt was the Schmidt in that concern. When it became a bankrupt its notes and accounts were sold to John Schmidt and his son H. J. Schmidt. The stock of merchandise of the old concern was sold to another party who then sold same to John Schmidt. In forming the Mayer & Schmidt Department Store, Inc., the corporation here involved, John Schmidt subscribed to $18,000 stock and paid same with the merchandise bought by him. That the merchandise was fully worth the valuation put upon it is not questioned. The notes and accounts of the old corporation which were sold to John Schmidt and H. J. Schmidt were turned over to the new corporation for collection and the amounts collected went into the coffers of the new corporation, and were used by it in the transaction of its business. It appearing that the amount thus collected and received by the corporation was in an amount of at least $19,800 and that same was used by the corporation for corporate purposes, and that same had not been returned to H. J. and John Schmidt, they, Elizabeth K. Schmidt, executrix, and H. J. Schmidt, had the right to offset this against the amounts alleged to be owing to the corporation by H. J. Schmidt and John Schmidt, whose estate Elizabeth K. Schmidt was administering, and which facts and rights were pleaded by them. Witt v. Nelson (Tex.Civ.App.) 169 S.W. 381 (writ refused). Moore v. Joseph (Tex.Civ.App.) 40 S.W.(2d) 948; Thompson on Corporations 2d Ed. § 5855. These facts were testified to by H. J. Schmidt and appeared from the books of the corporation which were in evidence. As we understand the record, this would more than offset the amount sought to be recovered against H. J. Schmidt because of his alleged indebtedness to the corporation, and also the amount sought to be recovered of Elizabeth K. Schmidt as executrix of the estate of John Schmidt, her deceased husband.

Appellant seeks to recover of Elizabeth K. Schmidt as executrix of the estate of John Schmidt, deceased, the sum of $7,809.87 alleged to have been owed to the corporation by John Schmidt for funds of the corporation received by him and never paid. From our careful inspection of the record we find that the final or last item appellant seeks to charge John Schmidt with receiving for his personal benefit was dated June 12, 1933, and that the oldest account filed with the referee in bankruptcy against the corporation was dated August 10, 1933. This being true, there were no existing creditors at the time of the receiving of the amounts by John Schmidt from the corporate funds, or corporation, and so, the creditors not being existing creditors of the corporation at the time of the withdrawals of the corporate funds by John Schmidt, they show no right to recover. Moreover, appellant in his petition did not allege that the creditors were existing creditors at the time of the alleged receipt of the corporate funds by either H. J. Schmidt or John Schmidt; nor that the corporation was in a state of insolvency when the funds were so received; nor that the withdrawals of the corporate funds by H. J. Schmidt and John Schmidt caused the corporation to become insolvent. These allegations, supported by proof, were necessary as a basis to recover. Brooks v. Zorn (Tex.Civ.App.) 24 S.W.(2d) 742, 747; Hall v. Crawford & Delphenis (Tex.Civ.App.) 11 S.W.2d 804, 807 (writ dismissed). The case of Hall v. Crawford & Delphenis, supra, is quite similar to the instant case on the facts and involved the right of subsequent creditors to sue. It was held that such creditors could not recover.

The judgment should be affirmed, and it is so ordered. Affirmed.